# John McNab
## *v.*
## Horatio N. Heald *et al.*

1. Chancery — *jurisdiction to subject equitable interests to satisfy a judgment at law.* The interest of a defendant held by himself or any other to his use, whether held by deed, bond, covenant, or otherwise, for a conveyance, or as mortgagee or mortgagor of land, in fee, for life or for years, is declared by statute to be subject to sale on a *fi. fa.* at law.

2. Same. The statute also declares, that, when an execution is returned unsatisfied, in whole or in part, the plaintiff in execution may file a bill against the defendant and any other person, to compel a discovery of any property, or thing in action, due to or held in trust for him.

3. Same. Independent of our statute, a court of equity in a proper case would subject a mere equitable estate or interest of a defendant in execution, growing out of a contract for the sale of the land, to the payment of the judgment. Before the adoption of the first section of the statute in reference to judgments and executions, rendering such interests liable to sale on a *fi. fa.*, the only means of reaching them was by bill in equity.

4. Same — *concurrent jurisdiction.* Where a jurisdiction is vested in a court of equity, and the like jurisdiction is conferred by statute on a court of law, the presumption is that it was designed to be concurrent and not exclu-

sive, unless the court of equity is prohibited or limited in its exercise by the language of the act. And such a legal remedy does not preclude a court of equity from assuming jurisdiction and affording relief.

5. CONTRACT — *for sale of land liable in equity to pay judgment.* Where a judgment debtor holds a contract for the purchase of lands, and an execution has been returned no property found, and his vendor is dead, and a portion of the purchase-money remains unpaid, plaintiff in execution may file a bill against the defendant, and the executor and heirs of the vendor of defendant, for discovery, and to subject the interest of defendant to pay the judgment. And the executor and heirs are proper parties, for the purpose of ascertaining whether the contract of purchase is still in force, and the sum remaining due on the contract. Such a bill is not multifarious.

6. SAME. In such a case, it is important to the heirs, as well as the purchaser of their ancestor, that the amount remaining unpaid on the contract, be ascertained, and be paid to the heirs before they be decreed to convey to the purchaser under an execution or decree.

7. PRACTICE — *relief under prayer in bill.* If the prayer is for more than the proof warrants, still adequate and proper relief may be decreed, if consistent with the prayer, or under the prayer for general relief.


APPEAL from the Superior Court of Chicago.


This was a suit in chancery, brought by John McNab, in the Superior Court of Chicago, against Horatio V. Heald and a large number of other defendants.

The bill alleges that complainant recovered judgment against defendant Heald, to the amount of $30,575.70; that execution was issued thereon and returned no property found. That there was still due on the judgment $7,000. That the sheriff levied an alias execution on the undivided one-third of the W. ½ S. E., 34 S., 40 N. R., 13, E. 3d meridian. That Heald had, previous to that time, entered into an agreement in writing with Henry Moore, for the purchase of the land, and had paid Moore all but about sixty dollars, which, with taxes on the land, he tendered Moore in his life-time, but he refused to convey the premises.

That Moore died in 1863, and by his will appointed Mary T. Moore, his widow, his executrix; that it was duly proved and letters testamentary were granted to her; that the other defendants are heirs at law of Henry Moore, deceased; that

the sheriff cannot safely proceed to sell the premises because the title is in the heirs of Moore. The bill prays discovery, and that the heirs be required to execute a deed for the property to a receiver and that it be sold to satisfy the judgment.

Heald answered, admitting the allegations of the bill and discovering other real estate. The other defendants demurred to the bill, and the demurrer was sustained by the court, and the bill was dismissed. Complainant, thereupon, prayed an appeal, and brings the record to this court, and assigns the decree sustaining the demurrer and dismissing the bill for error.

Mr. E. S. SMITH, for the appellant.

Messrs. WOODBRIDGE & GRANT, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant obtained a judgment against Heald on the 4th day of September, 1858, in the Cook county Court of Common Pleas, for the sum of $30,575.70, and on the 29th day of August, 1859, sued out an execution, which was returned by the proper officer, no property found. That on the 2d day of October, 1862, an alias execution was issued and delivered to the sheriff of Cook county, who, on the same day, levied it upon the undivided third of the W. ½ of the S. W. 34, S. 40, N. R. 13 E. The bill alleged that Heald held an interest in the land, by virtue of a contract of purchase from one Henry Moore, and that Heald had paid a portion of the purchase-money on the contract; but Moore claimed that it was forfeited by Heald's failing to comply with his contract. Appellant, however, insists that there remained due on the contract but $112.75, as a balance for the purchase of the land. It appears that at the time the bill was filed, a considerable sum remained unpaid on appellant's judgment.

That Moore died testate, some time in 1863, appointing his wife his executrix. That his will had been duly proved, and

that his executrix had entered upon the duties of the trust. His heirs are made parties to the bill, which alleges that Heald is entitled to a deed for the premises, but defendants refuse to convey. The bill prays the appointment of a receiver, and that defendants be required to convey the premises to him, and that the same be sold to satisfy the execution. Also, for an injunction preventing defendants from selling the premises, and for other and further relief.

Defendant Heald answered, admitting the allegations of the bill as to the judgment, execution and levy, and as to the contract for the conveyance of the land, and the payments made on the purchase. The other defendants filed a demurrer to the bill, and assign, as grounds, that the bill discloses a complete and adequate remedy at law, and discloses several distinct matters in many of which defendants have no interest. The demurrer was sustained and the bill dismissed.

The grounds for dismissing the bill on demurrer are raised on this record. As to the first ground assigned on demurrer, the first section of the chapter entitled "Judgments and Executions," declares that "the term 'real estate' in this section shall be construed to include all interest of the defendant, or any person to his use, held or claimed by virtue of any deed, lease, covenant or otherwise, for a conveyance, or as mortgagee or mortgagor, of lands in fee, for life or for years." The preceding portion of the section declares that lands, tenements and real estate of every defendant shall be liable to sale on execution. Hence it is contended that the interest of Heald disclosed by the bill, is liable to be sold as "real estate," on execution at law, and, therefore, the remedy in that form is adequate and complete.

The thirty-sixth section of the chancery act declares, that whenever an execution at law has been issued against the property of the defendant, on a judgment at law or in equity, and it has been returned unsatisfied in whole or in part, the plaintiff in execution may file a bill against the defendant, and any other person, to compel a discovery of any property or thing in action due to or held in trust for him. The next section

declares that the court shall have power to compel discovery, and prevent the transfer, payment or delivery, and to decree satisfaction of the sum remaining due on the judgment, out of the personal property, money or things in action belonging to defendant in execution, or held in trust for him, which shall be so discovered, whether the same were or not originally liable to be taken in execution at law.

The bill charges, and Heald admits in his answer, and the same fact is admitted by the demurrer, that he held an equitable interest in the land. It may be that it was not an equitable estate, but it was a contract giving him an interest in the premises which a court of equity would enforce. And, independent of these enactments rendering any interest other than a legal title liable to sale on execution, a court of equity, on a return of *nulla bona*, would undoubtedly, while the contract was in force, have taken jurisdiction, and enforced the lien for the satisfaction of the execution. This is within the general equity powers of a court of chancery. Story's Eq. § 1214. Before the adoption of the first section of our judgment and execution law, declaring a lien, and subjecting such interests in real estate to sale under a *fi fa.*, the only remedy would have been by bill in equity.

The question is then presented, whether the adoption of the act affording a remedy at law, by a sale on execution, of such an interest, took from the court of chancery its prior sole, but well recognized, jurisdiction, in such cases. The rule is well recognized, that, where equity has jurisdiction, and an act of the legislature confers like jurisdiction on a court of law, it then becomes concurrent in the two courts. Jurisdiction having once vested in a court of equity, it remains there until the legislature shall abolish or limit its exercise; as, without some positive act, the reasonable inference is, that it is the legislative pleasure that the jurisdiction shall remain upon its old foundations. Story's Eq. § 64, *i*. Even where courts of law have been vested by legislative enactment, with equitable jurisdiction, unless there are prohibitory or restrictive words

employed, the uniform interpretation is, that they confer concurrent and not exclusive remedial authority.

It then follows, that this enactment authorizing a sale of such an interest on execution at law, as it contains no prohibitory or restrictive clause, the remedy is not exclusive at law. And it is highly proper, as in many cases such a sale would not afford a complete remedy, inasmuch as a discovery would be necessary to the ascertainment of the rights of the parties. In this case the bill alleges that defendants claimed that there had been a forfeiture of the agreement, and if so, it could perhaps only be ascertained by a discovery. Or, it may be, that no other means is open to the creditor to ascertain the amount remaining unpaid on the contract. These are both matters of importance to the defendant in execution, as without their adjustment the property would be liable to sacrifice on the sale. We are, for these reasons, of the opinion that the demurrer should not have been sustained on those grounds.

As to the objection, that the bill contains several matters in which Moore's heirs have no interest, we do not perceive that it is well taken. It may be, and frequently is true, that a portion of the grounds of relief only affect a part of the defendants, and still they are all necessary parties. In this case, if Moore's heirs are liable to convey, it is a matter of no interest to them whether it be to one person or another; but it is of moment to them, that they be first paid. And if they are not legally bound to convey to any one, they have an important interest in being heard before a decree is passed. Unless they were made parties, it might be difficult for the creditor to prove that they were liable to convey, to ascertain the amount, if any thing, due on the contract. They were necessary parties for the purpose of discovery, if for no other reason. While it is a matter of no concern to them whether Heald is indebted to appellant, by judgment or otherwise, or whether he has property out of which the judgment can be collected, still they are proper parties, that in rendering a decree their interests may be protected, and these facts are important to appellant, and were essential to be alleged in the bill.

Nor do we see that the prayer of the bill is objectionable. It may pray for more than it would be proper to grant, but it does contain a prayer for general relief. If not proper to appoint a receiver, and no necessity is perceived for such an appointment, a sale could be made by the master if such relief appeared to be proper on the hearing, and satisfaction thus had. Or any other appropriate relief could be granted. We see nothing on the face of the bill which required that the demurrer should be sustained. The decree of the court below is therefore reversed and the cause remanded for further proceedings.

*Decree reversed.*