## HENDERSON & GARNICK V. KENNEDY & PIERATT.

JURISDICTION *of District Courts, and Justices' Courts.* District courts have jurisdiction of civil actions "for the recovery of money only" in all cases where the amount claimed exceeds one hundred dollars, notwithstanding the fact that justices of the peace have jurisdiction of such actions in cases "where the amount claimed does not exceed three hundred dollars."

### *Error from Coffey District Court.*

KENNEDY & PIERATT, as plaintiffs, brought suit in the district court against *Henderson & Garnick* on a promissory note made and executed by the latter. The amount claimed by plaintiffs, principal and interest, was $235.10. Defendants demurred, "for that it appeared on the face of the petition that said district court has no jurisdiction of the subject of said action." The case was heard on this demurrer at the May Term 1871. Said demurrer was overruled; and defendants not wishing to answer, judgment was given in favor of *Kennedy & Pieratt* for the amount claimed. *Henderson & Garnick,* excepted, and now bring the case here on error.

*J. M. Sheafor & Bro.*, for plaintiffs in error:

The court below erred in overruling the demurrer to the petition, and in refusing to dismiss the action. The nature of the claim, the amount sought to be recovered, was not within the jurisdiction of the court, the sum being *less* than $300, and consequently being within the jurisdiction originally of a justice of the peace. Gen. Stat., Justice's act, § 2; Laws 1870, § 1, ch. 88; Const., § 8, art. 3. The jurisdiction of the courts is fixed by the act of March 2d, 1868, and the act amendatory thereto. Sec. 2 of the justice's act provides that justices of the peace have exclusive original jurisdiction of civil cases where the amount claimed does not exceed $100, and concurrent jurisdiction with the district court in actions on contract express or implied for the recovery of money only where the amount claimed exceeds $100, and does not exceed $300. By § 1 of the act of March 3, 1870, justices of the peace shall have *original jurisdiction* of civil actions for the recovery of money only, and to *try* and determine the same when the amount claimed does not exceed $300. See Bouv. Law Dic., titles, "Jurisdiction," "Concurrent Jurisdiction," "Original Jurisdiction." By original jurisdiction is meant that jurisdiction bestowed upon a tribunal in the first instance.

It seems conclusive that the legislature evidently intended by the amendment of 1870 that justices of the peace should have exclusive original jurisdiction upon contracts express or implied when the amount claimed did not exceed $300. If that was not the intention of the legislature, what was or could have been the object in amending § 2 of the justice's act, which section and act already provided concurrent jurisdiction with the district court when the amount claimed exceeded $100 and did not exceed $300? In a contrary point of view justices of the peace would have concurrent equity and chancery jurisdiction (in the absence of any special provision by statute) in all matters in controversy not exceeding in amount $300, and original jurisdiction in all equity and chancery cases when the amount in controversy does not

exceed $100, which in their very nature are contrary to law, and not applicable to the jurisdiction or to proceedings before justices of the peace. If a statute declaring a forfeiture prescribes the tribunal which is to enforce it, and the mode of its collection, exclusive jurisdiction is thereby constructively conferred on such tribunal, and no other manner of collection can be resorted to. We submit from the very nature of the case at bar that the court below had no jurisdiction either original or concurrent, or any other than appellate jurisdiction, the jurisdiction being a limited and special one.

*A. M. F. Randolph,* for defendants in error:

The act relating to district courts, ch. 28, Gen. Stat., provides that the district court "shall have general original jurisdiction of all matters, both civil and criminal, not otherwise provided by law." Where is the provision which so "otherwise provides," as to exclude the jurisdiction of the district court? Sec. 2 of ch. 84 of Gen. Stat., gave to justices of the peace *exclusive* jurisdiction in civil cases where the amount claimed did not exceed $100, and *concurrent* jurisdiction with the district court in "actions on contract for the recovery of money only" where the amount claimed exceeded $100 and did not exceed $300. By the amendment of 1870—ch. 88, § 1, p. 181—justices are given jurisdiction "of civil actions for the recover of money only, where the amount claimed does not exceed $300." All limitation or qualification, as "exclusive," or "concurrent," is omitted. What is the effect? Clearly not to *limit* the jurisdiction of the district courts—but rather to enlarge such jurisdiction, placing both justices of the peace and the district courts in the plight of both having original jurisdiction of civil actions for the recovery of money only *in all cases* where the amount claimed does not exceed $300.

The opinion of the court was delivered by

BREWER, J.: Has the district court jurisdiction of "an action for the recovery of money only," when the amount

claimed is between one hundred and three hundred dollars? The district court is a court of general original jurisdiction of all matters, both civil and criminal. Ch. 28, Gen. Stat., p. 304, § 1. Unless jurisdiction in any matter is elsewhere located in such manner as to exclude that court, it has jurisdiction. The mere granting of original jurisdiction in ordinary actions to other tribunals does not of itself operate as an exclusion. Both acts may stand—both tribunals have jurisdiction. The maxim, *Expressio unius, exclusio alterius*, does not apply, for both tribunals are granted jurisdiction. The rule may be different in mere statutory remedies. That question is foreign to this case, and we care not to examine it. Original jurisdiction in mandamus is by the constitution given to the supreme court. The legislature granted such ·jurisdiction also to the district court. Such grant was sustained by this court. The constitutional grant was held not exclusive. *Judd v. Driver*, 1 Kas., 455.

The jurisdiction of justices of the peace is given by ch. 88, Laws 1870, p. 181, § 1: "Under the limitations and restrictions herein provided justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed three hundred dollars." Exclusive jurisdiction is not given. We may not add a term which the legislature left out. It does not purport to withdraw any jurisdiction previously given to the district court. The statute· giving that jurisdiction is not in terms repealed, is not even noticed. It stands unless repealed or restricted by implication. But such construction is not favored. The judgment will be affirmed.

All the Justices concurring.