Shoemaker v. Brown.

## LAURA J. SHOEMAKER, et al., v. ABRAHAM BROWN.

1. PROBATE AND DISTRICT COURTS; *Jurisdiction.* The district courts of the state have jurisdiction concurrent with the probate courts over certain matters relating to the estates of deceased persons; and in the exercise of their equity or chancery jurisdiction the district courts may entertain and determine actions to foreclose mortgages where a defendant is the legal representative of a deceased person, or any other proper proceeding over the estates of deceased persons, and over the legal representatives and heirs of decedents.

2. PROBATE COURT; *Its Determinations are Judicial.* The probate court has jurisdiction to make final settlements with administrators. Its findings and decisions upon matters within its jurisdiction are in the nature of judicial determinations, and cannot be impeached collaterally except for fraud in obtaining the same.

3. ———— *Debt due to Administrator; Proceedings to enforce Payment.* Where an administrator makes a report for final settlement of an estate, and the report shows that the estate is owing the administrator the sum of $2,775.27, and the probate court approves the report, and discharges the administrator, and nothing further is done in the probate court, and there is no personal property belonging to the estate, *held*, that the administrator may afterward maintain an action in the district court against the heirs of the deceased, to subject the real property belonging to the estate to the payment of his claim.

*Error from Leavenworth District Court.*

ACTION brought by *Brown*, as plaintiff, to subject certain real property belonging to the estate of Thomas C. Shoemaker, deceased, to the payment of a claim which the probate court had, upon final settlement of said estate, adjudged to be due to *Brown*. The facts averred in the petition are sufficiently stated in the opinion. The defendants, the heirs-at-law of said Shoemaker, demurred. The action was heard on the demurrer at the May Term 1872 of the district court. The demurrer was overruled. The defendants assign the overruling of their demurrer as error, and bring the case here for review.

*Pendery & Goddard*, for plaintiffs in error:

We claim, first, that the district court has no jurisdiction of the subject-matter of the action; and second, that the peti-

| | |
|---|---|
| 10 | 383 |
| 45 | 647 |
| 10 | 383 |
| 47 | 281 |
| 10 | 383 |
| 57 | 126 |
| 57 | 396 |
| 57 | 495 |
| 10 | 383 |
| 58 | 360 |
| 10 | 383 |
| f62 | 4 |
| 62 | 586 |
| 10 | 383 |
| f63 | 503 |
| 10 | 383 |
| 65 | 351 |
| 10 | 383 |
| e67 | 138 |
| 10 | 383 |
| e68 | 747 |
| 10 | 383 |
| 81 | 543 |

tion of the defendant in error does not state facts sufficient to constitute a cause of action.

1. We are led to the first conclusion by an examination of the constitution, and the laws made conformably thereto, where we must look to ascertain the jurisdiction of our courts. The probate court is created by the constitution, and its jurisdiction in part defined by that instrument. But it is left principally to subsequent legislation to define and ascertain its jurisdiction. Sec. 8 of article 3 of the constitution provides that there shall be a probate court in each county, which shall be a court of record, and have such probate jurisdiction and care of estates of deceased persons, etc., "as shall be prescribed by law." Under this provision of the constitution the legislature has passed laws regulating the practice of the probate court, defining its duties, and ascertaining its jurisdiction; and such jurisdiction has been kept separate and distinct from that of other courts. Ch. 28, Gen. Stat., §1, prescribes the jurisdiction of the district courts, giving them general original jurisdiction of all matters both civil and criminal, (not otherwise provided by law.) Ch. 29, §1, provides that probate courts shall be courts of record, and in their respective counties shall have original jurisdiction to "direct and control the official acts of executors and administrators, settle their accounts, and order the distribution of estates," and "to have and exercise *the* jurisdiction and authority provided by law respecting executors and administrators and the settlement of the estates of deceased persons." "*The* jurisdiction" means the *whole* jurisdiction. And by §114 of the act relating to executors and administrators, page 454, it is expressly provided "that as soon as the executor or administrator shall ascertain that the personal estate in his hands will be insufficient to pay all the debts of the deceased, and the charges of administering the estate, he *shall apply to the probate court* for authority to sell the real estate of the deceased." And §115 provides "that in order to obtain such authority he shall file his petition *in the court* which issued his letters of administration," and if the court is satisfied

that it is necessary to sell the real estate of a deceased person, it shall order the real estate described in the petition, or so much thereof as may be necessary "to be sold;" (§120;) and §119 provides "that any person interested may give bond to prevent the granting of such order of sale." These benefits, together with all other rights provided by this act, would be denied to parties interested if the *district court* can exercise the jurisdiction asked by defendant in error. And it seems clear, to us, that the legislature has vested full and *exclusive* jurisdiction in the probate courts to sell the real estate of deceased persons, and has left the district courts without such jurisdiction, only as they obtain it by appeal from the probate court as provided in §188, page 469, Gen. Stat. And the probate court having had in this instance the jurisdiction of the subject-matter in controversy, and the defendant in error having in that court a full and complete remedy at law, he should have complied with the requirements of the act referred to and sought his relief in the tribunal designated by law. And we submit that in such a case a court of equity will not take jurisdiction, even if it had the right, and especially will a court of chancery refuse to take cognizance of matters properly cognizable by probate courts. See 7 Conn., 306; 8 id., 281; 9 id., 181.

2. In support of the second proposition, that the petition of the plaintiff below does not state facts sufficient to constitute a cause of action, it seems necessary to cite the court only to the petition itself. The finding of the probate court is that "the estate has been fully and finally settled, *and debts paid.*" If that be true, then certainly there is no claim against the estate in favor of the plaintiff below. He claims a debt due him from the estate, and the finding of the probate court is that all debts have been paid. And there is no finding of the probate court that the amount he claims is due him from the estate, and no allowance therefor has been made in his favor. And we submit that the petition of the plaintiff below shows no judgment or allowance as he claims, which entitles him to the relief asked for.

*Joseph W. Taylor*, for defendant in error:

The first and principal question to be decided by the court in this case is, Had the court below jurisdiction of the subject-matter of said action? The district courts of the state of Kansas are courts of record of general jurisdiction. Sec. 6, art. 3, Const.; § 1, ch. 28, Gen. Stat. The term jurisdiction, when confined to the judicial department of the government, means the legal authority to administer justice. Our statute confers the authority to administer justice in all civil cases, whether heretofore termed legal or equitable on the same person, the same court, and by the same pleadings, process, and proceedings. Code, § 10; *Holmes v. Campbell*, 12 Minn., 227. The district courts possess all of the equitable jurisdiction which was possessed by courts of equity before the adoption of the code, and are courts of general equity jurisdiction; and, unless there is some statute expressly divesting them of their equitable jurisdiction, they possess the same as fully and completely as did courts of equity under the old chancery system. Courts of equity had, before the adoption of the code, a paramount jurisdiction in cases of administration, and in cases of settlement of estates: 1 Story's Eq. Juris., ch. 9; 2 id., § 35; Williams on Ex., 1239, 1240; *Cowles v. Cowles*, 3 Gil., 435; *Grattan v. Grattan*, 18 Ill., 171. There can be no question but that in the absence of any constitutional or statutory provision, the court below would have had exclusive original jurisdiction of the case.

But it is claimed that by the constitution and the statutes the probate court of the said county of Leavenworth is vested with the exclusive jurisdiction of the subject-matter of this action. This claim we conceive to be founded in a misapprehension of the true construction of the laws referred to, and of the jurisdiction thereby conferred on said probate court. *Delafield v. The State*, 2 Gil., 165. We hold it to be a well-established rule, that when a court of equity has jurisdiction of the subject-matter of a cause of action, and a like jurisdiction is conferred by statute on a court of law, that it was

designed to be concurrent, unless the court of equity is pro-
hibited from taking jurisdiction by the express language of
the act. *McNab v. Heald*, 41 Ill., 327; *Insurance Co. v.
Rewlett*, 24 Wend., 513; 4 Monroe, 103; 5 Mason, 105; 15
Mo., 423; 9 Mo., 169; 40 Mo., 573; Story's Eq. P., § 64.

Is there anything in the laws cited by plaintiffs in error
which vests the *exclusive* jurisdiction in the probate court over
the subject-matter in the case at bar? We submit not. The
estate had been settled, the final accounting had been made,
and by the consideration of the probate court a judgment had
been rendered in favor of the administrator. It may be
claimed that the finding of the probate court in the confirma-
tion of the final settlement and accounts of the administrator
in this case, was not in law a judgment. It is a well-settled
principle that the final settlement of an administrator must
bind the estate with the force of a judgment: 47 Mo., 390;
27 Mo., 87; 23 Mo., 98; 4 Kent's Com., 561; 1 Hoff. Ch.
214; 53 Penn. St., 505. It can only be attacked on the
ground of fraud. What then was the remedy of the admin-
istrator? Admitting that he might have proceeded in the
probate court and procured an order of sale to sell the real
estate of the estate in the hands of the heirs, to satisfy the
amount due him, yet we see nothing in the language of the
constitution or the statutes which militates against the juris-
diction of equity in the case. There are no prohibitory or
exclusive words. The 7th clause of § 1, ch. 29, Gen. Stat., is
the strongest, and there is certainly nothing in this. It simply
vests jurisdiction in the court to carry out the provisions of
art. 6, ch. 37, and the other provisions of ch. 37. The real
estate of the deceased had descended to, and was in the hands
of the heirs. A suit by an administrator for reimbursement
out of the real estate of the deceased, of sums paid to creditors
of the estate beyond the personal assets, is proper matter of
equity jurisdiction. *Williams v. Williams*, 2 Dev. Ch., 71.

Again, the remedy in equity is more full and complete than
in the probate court. After order and sale the probate court
could not put the purchaser in possession; the purchaser

would have been put to his action of ejectment, and when the remedy is more full and complete in equity than at law, a court of equity will take jurisdiction. *Barnes, Adm'r, v. Lloyd*, 2 Howard, 584; *Drinkwater v. Drinkwater*, 4 Mass., 358. It is true that it is a well-settled general principle, that a party cannot apply to a court of equity if he have a full and complete remedy at common law. To this general rule and statutory principle, there are a few exceptions, one of which is, when the debtor is dead, and the creditor has to proceed against the heirs, courts of equity have concurrent jurisdiction with the courts of law, and the creditor may elect into which court he will go. This has been long since a settled and necessary right. *Martin v. Denfield*, 3 Blackf., 297; 1 Ves. Sr., 211; 2 Atk., 360; 3 Atk., 362; 4 Johns. Ch., 619; 7 Blackf., 507.

2. Does the petition state facts sufficient to constitute a cause of action? It is contended by plaintiffs in error that because the probate court found that the debts of the estate of the deceased had all been paid, and the administrator discharged, that therefore there could be no claim against the estate. It is only necessary to state the proposition to detect its fallacy. The court finds, it is true, that the debts of the estate have been paid, and in the same finding, finds that the administrator has paid out a large sum for the benefit of the estate, in and about the expenses and charges of the administration. The primary object of a final settlement is for the protection of the administrator: Dayton on Surrogates, 499; 2 Selden, 224. The finality intended by the term final settlement, refers to the conclusive character of the accounting, which being made in citation to all parties in interest, is a final and conclusive adjustment up to that period: Dayton on Surrogates, 510; 2 Bradf. Sur., 291; 2 Selden, 216. What then is the effect of the final settlement in this case? It is to show conclusively that the estate does owe the amount of the said judgment of the said probate court to defendant in error. This case is one where a court of chancery will, in the exercise of a sound discretion, take jurisdiction; and the court below in the exer-

cise of that sound discretion, has assumed jurisdiction, and by retaining it, substantial justice may be done.

The opinion of the court was delivered by

VALENTINE, J.: The petition in the court below shows among other things that Abraham Brown was administrator *de bonis non* of the estate of Thomas C. Shoemaker, deceased; that on April 13th 1870 said Brown submitted to the probate court of Leavenworth county a report for final settlement of said estate; that said report showed that the said estate owed and was indebted to said Brown to the amount of $2,775.27.; that said report was approved and confirmed in all things by the probate court, in words as follows, to-wit:

"On reading and filing the foregoing report and accompanying vouchers, and being fully advised in the premises, and having duly examined the same and proof of the publication of the notice of final settlement, as required by law, which is by the court approved, and it appearing that the said estate has been fully and finally settled and debts paid, *Ordered*, that the same be approved and the said administrator *de bonis non* be discharged from any further attendance upon this court as such administrator:"

And said petition further shows that lots 9 and 12, in block 18, in Leavenworth city, Kansas, is the only property real or personal now belonging to said estate, or that did belong to said estate when said settlement was made; that the title to said property has descended to said Laura J. Shoemaker, Elizabeth Shoemaker, Charles P. Shoemaker, and Jennie C. Shoemaker, who are the heirs-at-law of said Thomas C. Shoemaker deceased; that one Tennessee Brown claims to have some interest in said property, and the plaintiff below, Abraham Brown, prays that said property be sold to satisfy his said claim against said estate. The defendants below (plaintiffs in error) demurred to this petition on the grounds, first that the court has no jurisdiction of the subject of the action; second, that the petition does not state facts sufficient to constitute a cause of action. The court overruled this demurrer, and the defendants below now bring the case to this court.

I. The subject of this action is unquestionably a subject of chancery jurisdiction; for the courts of chancery always had paramount jurisdiction over the estates of deceased persons, and generally had jurisdiction over all trust estates. Therefore, if the district courts of this state have full chancery powers in this respect, then they must have jurisdiction in cases of this kind. The statute prescribing the jurisdiction of the district courts reads as follows:

1. Jurisdiction of district courts and probate courts.

"Sec. 1. There shall be in each county organized for judicial purposes a district court which shall be a court of record, *and shall have general original jurisdiction* of all matters, both civil and criminal (not otherwise provided by law,) and jurisdiction in cases of appeal and error from all inferior courts and tribunals, and shall have a general supervision and control of all such inferior courts and tribunals, to prevent and correct errors and abuses." (Gen. Stat., 304.)

This statute is certainly broad enough to give to the district courts full chancery and common-law jurisdiction. (See also, Comp. Laws, 454, §§ 1 and 2.) And unless such jurisdiction is taken away by some other statute, we suppose the district courts may exercise the whole of it. We would read said statute as follows: The district court "shall have general original jurisdiction of all matters both civil and criminal, [where] not otherwise provided by law." The plaintiffs in error would read it as follows: The district courts "shall have *general* original jurisdiction of *all matters* both civil and criminal [where such matters are] not otherwise provided [for] by law [by giving the jurisdiction of such matters to some other court."] Or in other words, The district courts "shall have *general* original jurisdiction" of *such matters only as may be left* after giving the other courts their respective jurisdictions. We do not think that this reading of the plaintiffs in error is correct. Probate courts have jurisdiction over all claims against the estate of a deceased person; (Gen. Stat., 449, § 87;) and yet it is not unfrequent for parties to sue administrators in the district court on such claims. "A mortgage may be foreclosed in the district court, although

the defendant or one of the defendants should be an administrator; and a foreclosure judgment rendered in the district court against the deceased in his lifetime may be revived in the same court after his death against his administrator and heirs." (*Brenner v. Bigelow*, 8 Kas., 497.) "Justices of the peace have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same where the amount claimed does not exceed three hundred dollars." (Laws of 1870, p. 181.) And yet it has been decided in this court that under the foregoing statute district courts also have jurisdiction, in such cases, where the amount claimed exceeds one hundred dollars and does not exceed three hundred dollars. (*Henderson v. Kennedy*, 9 Kas., 163.) We might give other examples, but we deem these sufficient. But it is claimed that jurisdiction in cases of this kind is given to probate courts. This is true. But we do not think the jurisdiction of the district courts is thereby taken away. The principal statute giving jurisdiction to probate courts, so far as it applies to this case, reads as follows:

"Sec. 1. The probate courts shall be courts of record, and within their respective counties shall have original jurisdiction: * * * *Third*, To direct and control the official acts of executors and administrators, settle their accounts and order the distribution of estates; * * * *Seventh*, To have and exercise the jurisdiction and authority provided by law respecting executors and administrators, and the settlement of the estates of deceased persons." (Gen. Stat., 313, 314, § 1. See also Gen. Stat., 454, §§ 114, 115, 119, 120.)

The mere giving of jurisdiction to one court does not show that it must be exercised exclusively by that court. The constitution gives to the supreme court original jurisdiction in *quo warranto*, *mandamus*, and *habeas corpus*, (art. 3, § 3,) and also gives to the probate courts original jurisdiction in *habeas corpus;* (art. 3, § 8;) but still it has never been supposed that either of these courts had exclusive original jurisdiction in any one of these matters, for the legislature has given such jurisdiction also to the district courts: Gen. Stat., 759, §§ 652, 653; page 766, § 688; page 762, § 662;

Laws of 1871, page 190; *Judd v. Driver*, 1 Kas., 455; *Gordon v. The State*, 4 Kas., 489; *Leavenworth Co. v. The State*, 5 Kas., 688. And as we have already seen, the giving of justices of the peace jurisdiction in cases where the amount does not exceed three hundred dollars does not take away the jurisdiction of the district courts where the amount is between one hundred and three hundred dollars; *Henderson v. Kennedy*, supra. Indeed, it is a general rule that a mere grant of jurisdiction to a particular court, without words of exclusion as to other courts previously possessing the like powers, will only have the effect of constituting the former a court of concurrent jurisdiction with the latter. *Delafield v. State*, 2 Hill, 159. Thus it has been decided in Illinois, that "Where a jurisdiction is vested in a court of equity, and the like jurisdiction is conferred by statute on a court of law, the presumption is, that it was designed to be concurrent, and not exclusive, unless the court of equity is prohibited or limited in its exercise by the language of the act. And such a legal remedy does not preclude a court of equity from assuming jurisdiction and affording relief." *McNab v. Heald*, 41 Ill., 326. This we think is in accordance with the great weight of authority. See *Martin v. Densford*, 3 Blackf., 297; *Thompson v. Brown*, 4 Johns. Ch., 19; *Judah v. Brandon*, 5 Blackf., 506; and the other cases cited in brief of counsel for defendant in error. But returning to the case at bar, we think it could not have been intended by the legislature to limit in any respect the jurisdiction of the district courts by passing the acts conferring certain jurisdiction upon the probate courts. It was simply intended to confer such jurisdiction upon the probate courts, and to leave the other courts to exercise just such jurisdiction and powers as the other statutes had given or should give to them. The act concerning executors and administrators shows this. Sections 83 and 86 of said act show that it was not the intention of the legislature to confer upon probate courts exclusive original jurisdiction in suits against estates. Gen. Stat., 448, 449.

II. The next question is, whether the petition states facts suffi-

cient to constitute a cause of action. We think its does. In this state probate courts are courts of record, and possess full, ample, and complete jurisdiction of all matters connected with the settlement of the estates of deceased persons. (Const., art. 3, § 8; Gen. Stat., 313, § 1, page, 429, ch. 37.) All their allowances of demands against the estate, all their settlements with administrators, indeed all their official acts requiring the exercise of judgment and discretion, are in their nature judicial determinations, and are binding upon all the property of the estate, and upon any interest in such property that any person may have as heir, devisee, or legatee. The settlements with administrators especially come within the jurisdiction; (Gen. Stat., 460, art. 7, and see especially §§ 150, 151; page 449, § 87.) And under their jurisdiction all the real estate, as well as the personal property, (except certain exemptions,) is liable for the payments of the debts and expenses of the administration. When there is not sufficient personal property to pay such debts and the expenses of administration, the probate courts may order the real estate to be sold to pay the same. (Gen. Stat., 454, § 114, et seq.) Hence the probate court had jurisdiction to make the said final settlement with the administrator, Brown, and the finding that the estate was indebted to Brown to the amount of $2,775.27 was binding upon the property of the estate. This finding, being in its nature a judicial determination of a matter coming within the jurisdiction of the probate court, cannot be impeached collaterally except for fraud in obtaining the same. *Jones v. Brinker*, 20 Mo., 87; *State v. Roland*, 23 Mo., 95; *Picot v. Bates*, 47 Mo., 390; *Ball v. Miller*, 17 How. Pr., 300; *Wright v. Trustee, &c.*, 1 Hoffm. Ch., 202, 214. As to demands against the estate, see Gen. Stat. 449, § 87. It is true that the settlements with administrators and the orders founded thereon are in practice so much like *ex parte* proceedings, or proceedings *in rem*, that the least tincture of fraud on the part of the administrator in obtaining a settlement or order too favorable to himself should invalidate the same; (as to setting aside a judgment on account of the will-

2. Probate courts. Determinations judicial.

26—10 KAS.

ful perjury of the party obtaining it, see *Laithe v. McDonald,* 7 Kas., 254;) but until such fraud is shown such proceedings shall be considered valid and binding. With reference to the findings and order of the probate court, we would say they must be construed reasonably. It is true that the probate court says that "it appearing that the said estate has been fully and finally settled, and debts paid, ordered," etc. Yet in the light of the report of the administrator, which the court approves, and the rest of what the probate court says, we know that the probate court intended to say that all claims against the estate except that of the administrator had been settled and paid. In the language quoted the probate court had no reference to the claim of the administrator, for elsewhere the court approves the claim. The order of the court below overruling the demurrer to the petition is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., not sitting in the case.