## ISABEL JOHNSON v. E. D. CAIN.

EQUITY: *Claim for Improvements on Lands; How Enforced, Where Original
Debtor has Deceased.* Where A. employs C. to make improvements on
land occupied by A. as a homestead, and gives to C. his promissory note
therefor, and A. afterward dies intestate, and an administrator is ap-
pointed, and C. presents his claim against the estate, which is allowed by
the probate court, and there is no personal property with which to pay
the debts; *Held,* That a showing by the plaintiff C. of the foregoing facts
is not sufficient to entitle him to maintain an action in the district court
against the administrator and two out of five of the heirs for the pur-
pose of obtaining judgment against the said two heirs to sell their interest

in said land for the purpose of satisfying the plaintiff's claim. Whatever remedy the plaintiff may have in such a case, where he has no specific lien on the particular piece of land in question, where the estate is still unsettled, where the administrator is still acting, and where the probate court is still exercising jurisdiction over the estate, is in the probate court.

## Error from Neosho District Court.

CAIN, as plaintiff, obtained a decree against *Mrs. Isabel Johnson* and another, at the December Term 1873 of the district court, that certain lands be sold to satisfy plaintiff's claim against the estate of defendants' ancestor. All the necessary facts are stated in the opinion. *Mrs. Johnson* brings the case here on error for review.

*C. O. French*, for plaintiff in error:

1. Cain's action cannot be maintained. The petition does not show a final settlement of the estate of Daniel Campbell. An averment " that there is no personal property belonging to said estate," is not equivalent to an averment that the estate is insolvent. There must be an averment of final settlement and insolvency of the estate, before Cain can proceed against the heirs in equity.

2. The petition shows a valid and subsisting cause of action against the estate of Campbell, which claim was duly allowed in the probate court. The petition demands no relief against the heirs named as defendants. It simply asks a judgment against the administrator. The judgment of the probate court gives Cain all that he asks in the district court.

3. The facts alleged in the petition do not entitle Cain to the relief granted by the district court. At the time of the making of the contract for digging the well, after settlement of the contract-price by notes, and at the time of the death of Daniel Campbell, said Campbell had only a possessory right in the described real estate. His equity in the land was not a subject of lien—was not a subject of execution. When the widow and the heirs took said land they took it

free from any lien—if such there could be. This is the proper construction of § 2, ch. 33, Gen. Stat., when construed in connection with § 1, ch. 38. The exemption from sale is only between the immediate parties to the contract. The lien for the erection of improvements, (ch. 33,) must be in the nature of an incumbrance like a mechanic's lien.

The taking of the individual notes of Campbell by Cain for the work, and the putting of them into judgment in a court of record, was a waiver of any lien upon the real estate. Cain could not have filed the notes for even a mechanic's lien. The legislature first conferred this right in 1871. The notes were executed in 1870.

A judgment against an administrator, as such, cannot be a lien on the real estate of the decedent. This is too self-evident for argument. How then can the court *declare* it a lien, and incumber the homestead? It is manifestly inequitable to declare the judgment a lien on the real estate, dismiss the suit as to three of the five heirs, and order the right, title and interest of two only of the heirs to be sold upon execution to pay the whole debt.

*Stillwell & Baylies,* and *B. W. Lemert,* for defendant in error:

Plaintiff in error can only complain of the judgment against herself, and we urge that the petition, as to the administrator, was sufficient to sustain the judgment against him: 9 Kas. 658; 23 Iowa, 81; 12 Cal. 11. The objection to the sufficiency of the petition is made for the first time in this court, and it is well settled that such objection will be regarded with disfavor.

The interest of plaintiff in error in the lands described in the petition, is only such as she derived by inheritance from Daniel Campbell. Said premises, in his lifetime, were subject to the payment of the debt due Cain, the debt being an obligation contracted for the erection of improvements on said premises. (Const., art. 15, § 9.) It can make no difference therefore, that the premises were a homestead, excepting for the purpose of determining whether plaintiff in error was

a proper party defendant, and whether it be a proper practice to make all parties defendants who are interested in the property sought to be subjected to the payment of the judgment, in a case like the present. The heirs of Campbell could take no greater estate, nor more superior right in the premises than the party possessed from whom they inherit. (4 Kent Com. 419; 16 Peters, 25.) If Cain could enforce payment out of said premises while Campbell was alive, it will hardly be contended that his death worked an extinguishment of the right of lien, or to enforce payment out of the said premises, in the hands of the heirs, as against innocent purchasers from Campbell; and it is immaterial to this case what the rights of plaintiff in error would be, if she held title by purchase instead of by descent. But, claiming by descent, we conclude she received the estate subject to its liability to be sold to pay the debts of the defendant in error.

On the direct question of the power of the court to declare the judgment a lien on the premises, we submit, that if there be error in this, it is error without prejudice to plaintiff in error, and the judgment will not be reversed on that ground. Civil Code, §§ 140, 304; 9 Kas. 620. It cannot matter, in legal effect, if the premises are subject to sale to satisfy the money-judgment against the administrator, and the court has a right to determine that question in this action, whether the land be simply declared subject to sale to satisfy the debt, or the debt be declared a lien on the premises, or that the premises be ordered sold and the proceeds be applied to the payment of the money due on the judgment. Certainly, if the premises can be sold at all to satisfy the judgment, plaintiff in error ought not to complain that the judgment is too strong. If, without being declared a lien, the purchaser could obtain a good title, as to her, the only effect of this provision would seem to be to more fully assure the purchaser that his title will be perfect, and thus insure competition at the sale.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Cain against the administrator and heirs of the estate of Daniel Campbell deceased. The facts of the case seem to be about as follows: During the year 1870, Campbell, with his wife and family, resided upon and occupied said land, although the title thereto was in the United States. Campbell employed Cain to dig a well on the premises, which Cain did, and in consideration therefor Campbell gave to Cain his promissory notes. Afterward Campbell died intestate, and his widow (Anna Campbell) who had been appointed adistratrix of his estate, then procured (by entry) the title to said land from the United States, for said heirs. Afterward, Cain presented his claim against the estate for the amount due on said notes, which claim was allowed by the probate court. Mrs. Campbell then died intestate. No administrator was appointed for her estate, but Thomas Leahy was afterward appointed administrator *de bonis non* of said Daniel Campbell's estate. Cain then commenced this action in the district court against said Leahy, as administrator, and against all the heirs—five in number—of said Daniel Campbell and Mrs. Anna Campbell. The object of the action was to recover a money-judgment against the administrator for the said amount allowed by the probate court, and to have said land sold to satisfy said judgment. Afterward Cain dismissed his action as against three of the heirs, and then took judgment by default against the administrator and the other two heirs, one of whom was the present plaintiff in error, Mrs. Isabel Johnson.

The judgment rendered against Mrs. Johnson was, that her interest in said land should be sold to satisfy said money-judgment rendered against the administrator. The only question for this court to consider is, whether this judgment rendered against Mrs. Johnson is correct or not. No other person is complaining in this court. We hardly think such judgment is correct. It will be noticed from the record that

the estate of Daniel Campbell had not been settled when this action was commenced. The administrator was still acting, and of course the probate court was still exercising jurisdiction over the estate. There may have been a vast number and amount of other debts against the estate yet unsettled and unpaid. And Mr. Cain had no specific lien upon this particular piece of land in controversy. That the district court has jurisdiction, as against heirs, to hear and determine all the rights of such heirs in and to any specific piece of land, in any suit appertaining to the title to such land, or to some specific lien or incumbrance thereon, although the land may belong to a decedent's unsettled estate, and although the probate court may still be exercising jurisdiction over such estate, we suppose will not be questioned. And that specific liens may generally be ascertained and foreclosed in the district court, although an administrator and heirs may be necessary parties to the action, we suppose will also be admitted. (*Shoemaker v. Brown*, 10 Kas. 383.) And we also suppose that it will be admitted, that in many cases where an estate has already been settled, and the administrator discharged, courts of equity (such as the district courts are) will exercise jurisdiction over the heirs, and over any matter pertaining to such estate, so as to do justice to any person holding a claim against such estate. (10 Kas. 383.) And generally, courts of equity will exercise jurisdiction over estates, and over heirs, executors, administrators, devisees, legatees, and creditors of such estates, whenever it is equitable and right that they should do so. (*Thompson v. Brown*, 4 Johns. Ch. 619.) But courts of equity never exercise jurisdiction where it would be inequitable to do so, and in many cases do not exercise jurisdiction where the plaintiff has another plain and adequate remedy by an ordinary legal proceeding, or where an adequate remedy is specifically given to him by statute. Before proceeding further however we would say, that we shall decide this case upon the theory that Daniel Campbell owned said land when he died, (although this might be questioned as a fact,) and that he left it subject to the payment of all his debts, or at

35—15 KAS.

least to all debts contracted for improvements on the land. And upon this theory or assumption, may this action against Mrs. Johnson be maintained? We think not. It lacks equity in several particulars. Now as we have before stated, there may be a vast number of other claims, equal or even prior in law and equity to the plaintiff's claims, still outstanding against said estate. And there may or may not be a vast number of other pieces of land belonging to the estate with which such claims may be·paid. Now would it be· equitable to allow each holder of a claim to select his own piece of land from which to pay his debt? If such were allowed, the rights of many innocent third parties might unnecessarily be disturbed; and there might indeed be numerous, unavoidable, and inextricable conflicts between even the claimholders themselves. But even if everything else were fair and equitable, it would certainly seem to be unfair and inequitable to allow separate actions to be prosecuted, separate orders for the sale of the different pieces of land to be entered, separate advertisements of sales to be published, and separate sales to be made, when the probate court, which has a list of all claims presented against the estate, might by one order cause a sufficient amount of the lands belonging to the estate to be sold to satisfy all the debts, and when such land might all be advertised and sold at one time, and thereby save all the costs and great inconvenience of separate orders, separate advertisements, separate sales, and separate adjustments of the proceeds of such sales. But suppose that instead of there being several pieces of land belonging to the estate, there were only one: would it be equitable in that case for one claimholder to have that land sold to pay his claim, when many of the other claims might be prior to or of a higher class than his? Suppose the estate were insolvent: must his claim be paid in full, or as far as the property will go, at the expense of all the others? And taking the present case — is it equitable that the interest of two of the heirs in said land should be taken to pay the plaintiff's claim, when there are three other heirs — five in all? Indeed, what is

there equitable about the plaintiff's claim? The plaintiff originally had a claim against the estate on said notes; but such claim was purely of a legal character. He had it established in the probate court against the administrator, thereby converting it into a judgment. But that did not convert it into an equitable demand against either the heirs, or the administrator. And nothing has since transpired to give it the character of an equitable demand. For the purposes of this case, we shall assume that said land is still a homestead, (though this is not shown by the record,) and therefore that it is not subject to any of the ordinary debts against the estate, but that it is subject to such of the debts only as are specific liens upon the land, or to such as have been contracted for the purchase-money, or for improvements made on the land, and that the plaintiff's debt is one of those contracted for improvements made on the land; and therefore, that while this land is exempt under the homestead-exemption laws from being applied in payment of any of the ordinary debts of the estate, yet that it is no more exempt from being applied in payment of the plaintiff's debt than any other lands belonging to the estate. And still we do not think that, all these facts, taken together, but without the aid of other facts, are sufficient to authorize the plaintiff to seek the equitable jurisdiction of the district court for the purpose of collecting his claim. If Mr. Campbell were still living, the plaintiff could sue either in the district or in a justice's court, and after obtaining judgment, (his claim being for improvements on lands,) could reach Mr. Campbell's homestead with an execution, without any aid from a court of equity. An execution for that purpose could be issued direct from a judgment in the district court, and could be issued from a transcript of a justice's judgment filed in the office of the clerk of the district court. In either case the judgment would be a legal judgment, in contradistinction to an equitable judgment. But Mr. Campbell having died, the plaintiff properly obtained a judgment on his claim in the probate court; and having done so, he might then have obtained an order from

the probate court authorizing the administrator to sell this land, or any other land belonging to the estate, for the purpose of paying the plaintiff's debt. But of course, the plaintiff would have no right to dictate as to which parcel of the lands belonging to the estate should be sold to satisfy his claim, for it would all be equally liable to be sold for that purpose; and it might be more to the interest of the estate to have some other piece of land sold. And the plaintiff would have no more right to have this land sold than any other creditor of the estate having a claim of equal dignity and rank in law and equity.

The judgment of the district court will be reversed, and cause remanded for further and proper proceedings.

All the Justices concurring.