Miller v. Bogart.

## BELLEFIELD MILLER v. ELIAS BOGART.

1. APPEAL, *in Non-Appealable Cases; Appearance; Waiver; Jurisdiction; Error to Dismiss Appeal.* M. brought an action against B. before a justice of the peace, to recover the possession of personal property valued at fifteen dollars. Upon a jury trial judgment was rendered in favor of B., the defendant. Plaintiff appealed to the district court. In that court the parties appeared, a jury trial was had, and judgment was rendered in favor of the plaintiff. At the next term of the court the defendant moved to set aside the judgment, and dismiss the appeal, on the ground that under the statute no appeal could be taken from the judgment of a justice of the peace in cases tried by a jury in which "neither party claimed in his bill of particulars a sum exceeding twenty dollars." No reasons were given for not raising the question of jurisdiction and former judgment at the trial. The motion was sustained. *Held,* That, waiving the question as to the right of appeal in such cases, the defendant was too late in presenting his objection, and the court erred in sustaining the motion.

2. ———— [Whether the action of replevin is within the prohibition regarding appeals, found in the second clause of section 132 of the justice act, (as amended by § 10 of ch. 88, Laws of 1870,) is not decided.]

*Error from Woodson District Court.*

AT the October Term 1875 of the district court, *Miller*, on appeal from a justice's judgment against him, recovered judgment against *Bogart*. Afterward, and in vacation, *Bogart* filed a motion to set aside the last-mentioned judgment. At the March Term 1876 the district court sustained this motion, and dismissed *Miller's* appeal. *Miller* now brings the case here. The facts are stated in the opinion.

*Gillett & Forde,* for plaintiff in error.

*W. C. Huffman,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action was replevin for a steer valued in affidavit at $15, commenced before a justice of the peace by plaintiff in error, and was tried to a jury, and verdict and judgment for defendant, from which plaintiff appealed to the district court, where the action was again tried. On this trial the jury found for the plaintiff. A motion for a new trial was overruled, and judgment rendered for plaintiff below, plaintiff in error. After the close of the term of the district court at which the trial occurred, defendant filed his motion in said court "to set aside the judgment, and dismiss the appeal in said cause." This motion came on to be heard by said district court at its next succeeding term; and upon the arguments of counsel, and an inspection of the record, no evidence being heard, the court sustained said motion, to which exception was taken by the plaintiff.

The defendant claims that inasmuch as the action was replevin for one steer *valued at fifteen dollars,* it comes within the second exception of section 10, p. 185, laws 1870, amending section 132 of the justices act, which prohibits an appeal in jury trials, "when neither party claims in his bill of particulars a sum exceeding twenty dollars." In sustaining this motion we think the court erred. Even if it were conceded that an action for the recovery of personal property

of a value not exceeding twenty dollars was within the section quoted, (a proposition we by no means concede to be correct; *Martin v. Armstrong*, 12 Ohio St. 548,) still the ruling of the court was wrong. The district court has original jurisdiction in an action of replevin, no matter how small the value of the property. (Gen. Stat. 304, § 1; Laws of 1870, p. 181, § 1; Laws of 1870, p. 183, § 5; *Henderson v. Kennedy*, 9 Kas. 163.) Hence, when a claim for personal property is presented in that court, and the plaintiff and defendant voluntarily appear and proceed to try the question, the defendant cannot be permitted thereafter to say that the court had no jurisdiction. It acquires jurisdiction of the person by the appearance of the parties, and has, by virtue of its general powers, jurisdiction of the subject-matter. (*Shuster v. Finan*, recently decided, and cases cited in opinion, *ante*, 114, 116.) Nor does it matter that a judgment has been rendered in another court between the same parties, and in fact conclusive upon them. Such a judgment would be a defense to be raised on or before the trial. If not presented then, it must be considered as waived, or abandoned. Take this case: Suppose a judgment had been rendered in the district court of one county in favor of the defendant, in an action wherein both parties appeared, and thereafter the plaintiff commences an action in the district court of another county upon identically the same cause of action, and the defendant voluntarily appears and litigates the subject-matter without presenting the defense of a prior adjudication, and upon that trial judgment is rendered against him: can he be permitted to come in at a subsequent term, without any excuse for failing to present that defense at the trial, have the judgment against him set aside and the case dismissed because of such prior judgment? Clearly not. He is too late with his defense. Now if there be no appeal in this kind of an action from the justice to the district court, then in this respect the courts are as independent as the district courts of different counties. The action which was had before the justice was never transferred to the district court. Certain papers were filed there

in which the plaintiff alleged that he was the owner and entitled to the possession of certain property. The defendant voluntarily appeared and litigated that question. After he had been beaten, and judgment rendered against him, and the court had adjourned, it occurs to him that the matter had been elsewhere conclusively adjudicated in his favor before another tribunal, and at a succeeding term moves to have the judgment set aside, and makes no showing why he did not present this defense at the trial. His objections to the judgment were not in time. The ruling of the district court must be reversed, and the case remanded with instructions to overrule the motion to set aside the judgment and dismiss the appeal.

All the Justices concurring.