Julius A. Goldberg, Appellee, v. Minerva Automobiles, Inc. et al., Appellant.

**Gen. No. 37,743.**

218

Opinion filed December 24, 1934. Rehearing denied January 7, 1935.

FISHER, BOYDEN, BELL, BOYD & MARSHALL, of Chicago, for appellant; THOMAS HART FISHER, of counsel.

JUDAH, REICHMANN, TRUMBULL, COX & STERN, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Complainant, having elected to rescind the sale for breach of warranty, filed a bill in equity to recover the consideration paid by him on account of the purchase price of a Minerva automobile and to foreclose his lien for the amount paid on the contract. Defendant Minerva Automobiles, Inc., filed a demurrer, which was overruled, and defendant answered; the matter was referred to a master in chancery who took evidence and made a report; an amendment was made to the bill and defendant again demurred, which was overruled; defendant stood on its demurrer and a decree was entered granting complainant the relief sought; defendant appeals.

The sole question presented is whether complainant had the right to invoke the aid of a court of equity. Defendant argues that complainant had an adequate remedy at law by proceeding under the statute which gives the buyer the election, upon a breach of warranty, to rescind the sale and to recover the price paid. Ch. 121a, par. 72, Illinois Statutes (Cahill).

The bill of complaint alleges that complainant bought for $15,000 a Minerva chassis with a special body from defendants Ben D. Seltzer and Minerva Sales Company, with warranties against certain defects, the sellers agreeing to accept a Minerva car which complainant owned as part payment to the ex-

tent of $7,000 on the purchase price of the new car; that upon using the car the defects against which the sellers had warranted commenced to develop; that the sellers attempted to remedy the defects but failed. The bill also alleges that thereafter complainant received letters from the Minerva Automobiles, Inc., of New York City, claiming that its agent, Seltzer, who had sold the car to complainant, had no title to it and no authority to make the contract which he made, that the car was the property of Minerva Automobiles, Inc., and that it had been placed in the possession of Seltzer for exhibition and not with the right to sell.

The bill further alleged that complainant dealt with Seltzer in good faith, believing he had authority to sell; that Minerva Automobiles, Inc., was fully advised of the sale long before it was made and had ratified and approved the same.

The bill alleged that upon the failure of the defendants to remedy the defects warranted against, complainant rescinded the sale and tendered the automobile back to the sellers upon the condition of the return to complainant of that portion of the purchase price paid by him; that complainant has a lien under and by virtue of the statutes of Illinois regulating sales of personal property for the repayment of that portion of the purchase price paid by complainant, viz., the sum of $11,123.78; he asked for a lien for this amount together with his expenses in connection with the storage of the automobile; that a receiver be appointed and the automobile sold under the direction of the court to satisfy the lien, and that defendants be enjoined from interfering with the car or bringing any suits or proceedings to secure possession thereof.

After the hearings before the master the bill of complaint was amended, to conform with the master's finding of facts, by alleging that whether or not Minerva Automobiles, Inc., constituted the defendants Seltzer and the Minerva Sales Company its agents,

complainant had no knowledge that the car was the property of Minerva Automobiles, Inc., and only learned of its claim of ownership long after the sale was made; that the Minerva Automobiles, Inc., knew of the sale as soon as it was made and that by its conduct in failing to notify complainant of its claim and permitting complainant to deal with defendants Seltzer and Minerva Sales Company, complainant paid further sums of money to said defendants last named, and that the Minerva Automobiles, Inc., is estopped in equity to claim that the car belongs to it and that its agents had no right to sell it.

The amendment further alleged that because Minerva Automobiles, Inc., claimed to own the car complainant could not safely proceed to sell it and could not assure anyone who might bid at the sale that he would acquire title, as the Minerva Automobiles, Inc., would notify intending purchasers that it was the owner of the car and that complainant had no right to sell it, and even if this company did not so notify intending purchasers complainant would be bound in equity and good conscience to notify intending purchasers that this company claimed to be the owner of the car, and that under the circumstances prospective purchasers would not bid; that there is no provision in the statute regulating the sale of personal property which would allow the complainant to bid at his own sale, and therefore the remedy proposed in the statute is, under the circumstances, wholly inadequate, and complainant has no remedy except in a court of equity.

The bill asked for the rescission of the contract, for the return of the amount paid by complainant, and that an equitable estoppel be enforced against the defendant Minerva Automobiles, Inc.

Respective counsel have in their briefs industriously gone into the question of equity jurisdiction over mortgages, pledges, and a bailee's lien. The case of

*Knapp, Stout & Co. v. McCaffrey,* 178 Ill. 107, which was affirmed in 177 U. S. 638, treats the subject with great thoroughness. In that case a bill was filed to establish and enforce a bailee's lien upon a raft of lumber, part of which was in the possession of the complainant at the time the bill was filed. The court held that the complainant had a common law bailee's lien, but the question presented was whether he might enforce that lien in a court of equity. The opinion recites that McCaffrey was holding the raft until his charges were paid by the bailor, the Schulenburg Company, but the Knapp Company claimed to have bought the raft from the Schulenberg Company; immediately after the alleged sale the Schulenburg Company made an assignment for the benefit of creditors and did not admit the sale from the Schulenberg Company to the Knapp Company but denied it in general terms. The opinion holds that McCaffrey had no adequate remedy at law for he could not in a suit at law determine with whom of the contending claimants of the raft he might safely deal; that both the Schulenburg Company and the Knapp Company denied that McCaffrey had a lien. The opinion says:

"Can a bailee in possession in such case have the aid of a court of equity, or must he be left . . . to let his rights be taken away from him and then sue the tort feasor at law? McCaffrey's position was in many respects similar to that of a pledgee or chattel mortgagee, and their right to foreclose their lien in equity is well established." Particularly applicable to the facts in the instant case is the conclusion of the opinion, "that under all these circumstances it was proper for him (McCaffrey) to resort to a court of equity and bring all parties in interest before the court to have the questions of his possession and lien and the validity of the sale to the Knapp company, and the rights of the assignees, determined by a decree binding upon them all."

In the case before us complainant has a buyer's or bailee's lien given by statute; he is in possession of the automobile; he is faced with the claim that his possession of the car was wrongful and his right to a lien is disputed; complainant cannot readily sell the car, by reason of the notice of the Minerva Automobiles, Inc., to the garage keeper not to permit anyone except itself to take the car, and complainant's rights were threatened by the expressed intention of the company to send its representative for the car. The title to and right of possession of the car were in dispute. No one would have bid at a sale where complainant's right and power to sell were questioned, and if there should be a purchaser he would be buying a law suit, as was threatened in a letter from the attorney for Minerva Automobiles, Inc. This is a foreign corporation, not doing business in Illinois, and it has been adjudicated a bankrupt. Under the Sales Act complainant has possession of the automobile as bailee for the seller, with a lien for the purchase price paid. Under these circumstances complainant is properly in a court of equity.

When the *McCaffrey* case went to the Supreme Court of the United States it was affirmed (177 U. S. 638), that court saying: "There were circumstances in this case which appealed with peculiar force to the discretion of a court of equity." The opinion notes the contending claimants for the raft in question and their denial of McCaffrey's lien. The opinion concludes: "Under such circumstances it was not only natural but just that he should have applied to a court of equity for relief in the enforcement of his common law remedy." This is true of the instant case. *West Chicago Park Com'rs v. Western Granite Co.*, 200 Ill. 527.

There is point to the suggestion that a Minerva automobile costing $15,000 is an unusual article and no purchaser would bid an adequate price unless assured that he would obtain a good title. Complainant was

compelled by the circumstances to foreclose his lien in equity where the question of the authority of the agent to sell would be settled, and the sale conducted under the supervision of the court in such a way that a purchaser could and would acquire an indefeasible title, and where the interference by Minerva Automobiles, Inc., with complainant's possession could be enjoined or prevented by the interposition of a receiver.

Both counsel have cited a large number of cases touching equity jurisdiction to enforce equitable liens, upon which we do not think it necessary to comment. Generally, an equitable lien is one which a court of chancery recognizes as distinct from strictly legal rights. There are decisions holding that where a statute confers an additional remedy at law in a situation over which equity has previously had jurisdiction, the two remedies continue concurrently unless the statute specifically provides that the legal remedy shall be exclusive and that the equitable remedy shall be abolished. *Tinsley v. Durfey*, 99 Ill. App. 239; *McNab v. Heald*, 41 Ill. 326; *Brandenburg v. Buda Co.*, 299 Ill. 133.

The briefs present other questions touching the effect of defendant's answer after its demurrer to the original bill had been overruled and the effect of filing a demurrer to the amended bill, which we do not deem it necessary to discuss. We have preferred to consider the case upon the main question presented.

We are of the opinion that the circumstances entitled complainant to seek relief in equity, and as this is the only question we are asked to determine, the decree of the circuit court is affirmed.

*Affirmed.*

O'Connor, P. J., and Matchett, J., concur.