## SAMUEL WAGSTAFF v. W. L. CHALLISS.

AT the February Term, 1882, of the district court of Atchison county, plaintiff *Challiss* had judgment for $125 and costs against defendant *Wagstaff*, who brings the case here. The opinion states the facts.

*Hudson & Tufts*, for plaintiff in error.

*W. W. Guthrie*, for defendant in error.

*Per Curiam:* Challiss brought suit before a justice of the peace of Atchison county, to recover from Wagstaff $300 on account of rent. The defendant filed no answer or bill of particulars, and none was demanded by plaintiff. Upon the trial, judgment was rendered for the defendant. The case was then taken by the plaintiff to the district court on appeal, and was there tried at the February term, 1882. There was no new or amended bill of particulars filed by the plaintiff in the district court, and no pleading of any kind filed by the defendant. After the plaintiff had introduced evidence tending to establish his claim as set forth in the bill of particulars, the defendant offered to introduce evidence tending to establish a set-off and a counterclaim, and thereupon the plaintiff objected on the ground that the defendant could not prove a set-off or counterclaim, because he had not filed any bill of particulars, which objection was by the court sustained. This ruling is now complained of, and very properly so.

Sec. 71, ch. 81, Comp. Laws 1879, reads:

"In all cases before a justice, the plaintiff, his agent or attorney, shall file with such justice a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of particulars he may claim as a set-off; and the evidence on the trial shall be confined to the items set forth in said bills."

It is insisted that the fair construction given to this section

must be, that when a defendant gives notice to the plaintiff that he has a set-off, the plaintiff may require the defendant to file the same, and thus have all their accounts settled in that action; and that where a defendant is silent until the plaintiff has rested his case, the defendant cannot offer evidence as to any set-off or counterclaim he may have. The decisions of this court are to the contrary. If a plaintiff, in an action before a justice of the peace, desires to know in advance whether a defendant claims a set-off and the items thereof, the defendant, if required by him, shall file a bill of particulars, not otherwise. None is required by said § 71, before the justice, unless demanded by the plaintiff. (*German v. Ritchie*, 9 Kas. 106.) If a plaintiff does not require the defendant to file any bill of particulars or other pleading before the justice, such defendant may prove on the hearing before the justice any defense which he may have, without any pleadings whatever. On appeal to the district court, the parties lose no rights and gain none. Each party, without filing new pleadings, may prove any cause of action or defense which he might have proved before the justice, and each may introduce any evidence which he might have introduced before the justice. Therefore the defendant in the court below ought to have been permitted to introduce on the trial his evidence to prove any set-off or counterclaim which he had, just as well without an answer or other pleading as with it. (*German v. Ritchie*, supra; *Sanford v. Shepard*, 14 Kas. 228–231; *Stanley v. Bank*, 17 Kas. 592; *Clarkson v. Spencer*, 14 Kas. 399.)

The judgment of the district court will be reversed, and the cause remanded for a new trial in accordance with the views herein expressed.