## SAMUEL WAGSTAFF v. WM. L. CHALLISS.

1. JURISDICTION, *When Merely Appellate.* Where an action is appealed from a justice of the peace to the district court, the district court takes merely appellate jurisdiction, and no original jurisdiction, and can hear and determine the case only as a case within the jurisdiction of a justice of the peace.

2. SET-OFF, *Extent of.* Where an action for the recovery of money only has been commenced before a justice of the peace, and is afterward appealed to the district court, the defendant has no absolute right in the district court to set up, claim and prove a set-off exceeding the amount of $300.

3. SET-OFF, *When No Jurisdiction of.* And in such a case where the defendant sets up and claims a set-off exceeding $300, and does not withhold setting off any portion of the same, the district court has no jurisdiction to hear and determine such set-off or any portion thereof.

4. DEPOSITION — *Insufficient Objection.* Where a deposition is taken before a notary public, and he certifies that he is not an attorney for either party, or otherwise interested in the case, it is not sufficient to prove that he is an attorney of one of the parties, or interested in the case, merely by testimony on "information and belief."

*Error from Atchison District Court.*

AT the June Term, 1883, plaintiff *Challiss* had judgment for $200 against defendant *Wagstaff*, who brings it here for review. The opinion states the facts.

*Hudson & Tufts,* for plaintiff in error.

*W. W. Guthrie,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been in this court. (*Wagstaff v. Challiss*, 29 Kas. 505.) The action was originally brought by Challiss before a justice of the peace, to recover from Wagstaff the sum of $300 on an account for rent. The defendant filed no answer or bill of particulars, and none was demanded by the plaintiff. After judgment the case was appealed to the district court, where judgment was rendered in favor of Challiss and against Wagstaff. This judgment was reversed by the supreme court. (*Wagstaff v. Challiss*, supra.) On filing the mandate of the supreme court in the district court, Challiss demanded that Wagstaff should file a bill of particulars of any set-off which he might claim in the case, and the court ordered the same to be done within twenty days. In pursuance of this order, Wagstaff filed a bill of particulars containing: (1) a general denial; (2) a set-off for $692.38, with interest; (3) a set-off for $2,225, and interest. Challiss then moved to strike out these set-offs because they were beyond the jurisdiction of a justice of the peace and not triable in that action, and the court sustained the motion. Wagstaff then moved the court to permit him, "in furtherance of justice," to file a new pleading setting forth his said set-offs, amounting to nearly $3,000. This motion the court overruled. On the trial, which was before the court and a jury, Wagstaff offered to prove his said set-offs, but the court refused to permit him to do so.

These proceedings raise simply the following question: Where an action for the recovery of money only has been commenced before a justice of the peace and is afterward appealed to the district court, has the defendant the absolute right to set up, claim and prove a set-off for an amount exceeding $300?

Section 2 of the justices code provides, among other things, that —

"Justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and

determine the same where the amount claimed does not exceeds three hundred dollars."

Section 122 of the justices code provides, among other things, that a case appealed from a justice of the peace to the district court—

"Shall be tried *de novo* in the district court upon the original papers on which the case was tried before the justice, unless the appellate court, in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed."

Section 116 of the justices code reads as follows:

"SEC. 116. When the amount due to either party exceeds the sum for which the justice is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. A defendant need not remit such excess, and may withhold setting the same off; and a recovery for the amount set off and allowed, or any part thereof, shall not be a bar to his subsequent action for the amount withheld."

From these provisions of the justices code it appears that no cause of action, whether it be the foundation of a suit or a set-off in the action, is within the jurisdiction of a justice of the peace, unless "the *amount claimed* does not exceed three hundred dollars." It is the "*amount claimed*" that fixes the jurisdiction of the justice of the peace. (Justices Code, § 2.) Either party, however, may set forth the whole of his cause of action as the foundation of a suit or as a set-off in a justices court, if he does not *claim* thereon more than three hundred dollars. If it is the plaintiff who sets forth the cause of action, he must remit the excess over and above $300; but if it is the defendant who sets forth the cause of action as a set-off, he is not required to remit the excess, but he is required to "withhold setting the same off;" and he cannot make any *claim* therefor in his bill of particulars, or in any other manner, in the justice's court. If he should make a *claim* therefor, he would at once oust the justice of his jurisdiction to hear and determine such cause of action. And when the case is appealed to the district court, the district court takes the case just as it was when it was tried in the

justice's court. The jurisdiction of the district court in such a case is wholly and exclusively appellate. Its original juris-diction is not invoked at all. If we are correct in this, then the authorities cited by counsel for plaintiff in error have no application to this case; for in those cases the appellate court retried the cases just as though such cases had originated in the appellate court. Their original jurisdiction was invoked, and not merely their appellate jurisdiction, as is the case on appeals from justices of the peace to the district court in Kansas.

We have not been referred to any cases exactly in point. Whether there are any such, we do do not know. We refer, however, to the following decisions of our own court, as having some application: *Sanford v. Shepard,* 14 Kas. 228, 231; *Stanley v. Farmers' Bank,* 17 id. 592, 595, 596; *Kuhuke v. Wright,* 22 id. 464; *Robbins v. Sackett,* 23 id. 301, 304; *Ziegler v. Osborn,* 23 id. 464, 466, 467. .

We also refer to §§ 121 and 128 of the justices code, as throwing some light upon this question. Section 121 provides, in substance, among other things, that the sureties on the appeal bond shall satisfy any judgment rendered against the appellant, or be liable on such bond. Now may the appellee set forth new claims in the district court, or enlarge his previous claims so as to place them vastly beyond the jurisdiction of a justice of the peace, and by this means swell to an unlimited extent the amount of the judgment against the appellant, and the amount for which the surety is liable on his appeal bond ?

Section 128 of the justices code provides that—

"If any person appealing from a judgment rendered in his favor shall not recover a greater sum than the amount for which judgment was rendered, besides costs and interest accruing thereon, every such appellant shall pay the costs of such appeal."

Now may the appellee present new claims in the district court, or enlarge his previous claims to an extent vastly beyond the jurisdiction of a justice of the peace, and thereby

prevent the appellant from recovering a greater sum than the amount of the judgment which he had formerly recovered, and thereby make the appellant pay the costs of the appeal, although upon the original claim he may recover vastly more than he did on the original trial? We certainly think such cannot be the case. Indeed, the district court takes a case appealed from a justice of the peace merely as an appealed case, and does not take any original jurisdiction; and the district court cannot add to its jurisdiction by allowing new claims to be presented, or the former claims to be increased, or augmented, so as to place the case beyond what would have been the jurisdiction of the justice of the peace, who first had jurisdiction of the case, if the case had still remained in that court.

As before stated, the district court takes merely appellate jurisdiction, and not any original jurisdiction. Upon this question we think the decision of the district court was correct. In this case the defendant claimed to set off the whole of his set-offs, and did not propose merely to set off an amount within the jurisdiction of a justice of the peace, and to withhold setting off the excess over and above the jurisdiction of a justice of the peace. It was this *claim* of the defendant that deprived the district court of jurisdiction to hear and determine the defendant's set-offs, or any portion thereof. If the defendant had proposed to set off only a portion of his set-offs, and a portion within the jurisdiction of a justice of the peace, the district court would have had the jurisdiction to hear and determine the same. But the defendant did not choose to split the amounts of his set-offs. We suppose he preferred to commence one new single original action in the district court for the entire amount. Probably that was better than to split the amounts of his set-offs and make virtually two suits to enforce them, and be under the necessity of proving them twice.

The plaintiff in error also claims that the court below erred in refusing to suppress a certain deposition of Alfred

Pritchard. The deposition was taken before John R. Reiss, a notary public of Milwaukee, Wisconsin. There was a firm of lawyers in that city whose firm-name was "Davis & Reiss," one of whom, to wit, Davis, acted as counsel for Challiss in taking this deposition; and the plaintiff in error, Wagstaff, claims that the other member of the firm was the John R. Reiss before whom the deposition was taken. The said John R. Reiss, as notary public, however, certified that he was not an attorney for either party, and not otherwise interested in the event of the suit; and there is no fact stated in the record of the case showing that this was not true. If it was not true, it could easily have been shown; for the deposition of Pritchard was taken on December 4, 1880, and it was not used on the trial of which the plaintiff in error, Wagstaff, now complains, until June 28 or 29, 1883. Wagstaff had ample notice of the manner in which this deposition was taken; for while the case was still pending in the justice's court in 1880 or 1881 a similar motion was made by him to suppress this deposition, and the motion was supported by similar evidence, but the justice overruled the motion. One of the counsel for Wagstaff filed in the district court an affidavit in the case, stating, among other things, "that to the best of his information and belief, the John R. Reiss who acted as notary public in taking and writing the deposition of said Pritchard was and is one of the firm of Davis & Reiss, employed by plaintiff Challiss in the case." But "information and belief" is hardly sufficient to overturn the certificate of the notary public that he was not an attorney or interested in the case, and to overturn the decision of the district court refusing to suppress the deposition, and to overturn the judgment of the district court, when, from anything appearing in the record, the judgment may be right, even if this deposition had been suppressed. In all probability, John R. Reiss had no interest as attorney or otherwise in this case.

We presume that the instructions of the district court are

correct under the evidence. Certainly we cannot say, from the evidence brought to this court, that they are not correct.

Perceiving no material error in any of the rulings of the district court, its judgment will be affirmed.

All the Justices concurring.