## WILLIAM BERROTH v. JOSEPH B. McELVAIN.

PARTNERSHIP — *Accounting — Justice of the Peace — Jurisdiction.* Where the plaintiff commenced an action before a justice of the peace against his former partner in business for an accounting and for a settlement of their partnership affairs, alleging that there were debts still due from others to the partnership, and debts still owing by the partnership to others, and the justice of the peace rendered judgment in favor of the plaintiff and against the defendant for $75, and the defendant appealed to the district court, and then moved to dismiss the action for the reason that neither the justice of the peace nor the district court had any jurisdiction of the subject-matter of the action, and no pleading was filed in either court except the plaintiff's bill of particulars filed in the justice's court, and nothing was done by the defendant in either court to waive any want of jurisdiction except to take an appeal from the justice of the peace to the district court, and the district court sustained the motion of the defendant and dismissed the action, *held*, not error; that a justice of the peace cannot take jurisdiction of a purely equitable action; and that ordinarily on an appeal from a justice of the peace to the district court, the district court can take jurisdiction of only such matters as were within the jurisdiction of the justice of the peace.

### *Error from Wabaunsee District Court.*

On July 2, 1886, *William Berroth* commenced an action before a justice of the peace of Wabaunsee county against *Joseph McElvain,* in which action the plaintiff filed the following bill of particulars, (omitting title,) to wit:

"Said plaintiff states that the said defendant and the said plaintiff were, during the period of time from April 29, 1885, to August 13, 1885, partners as butchers, and doing as butchers a general partnership business under the firm-name and style of McElvain & Berroth. That the capital, interest and shares of the said parties, plaintiff and defendant, as said partners in said businesss, were equal, and that the debts and liabilities as well as the profits of the said partnership were, by the terms of the contract and articles of partnership made and entered into by said parties, to be equally divided between them. That said partnership commenced on April 29, 1885, and was dissolved by the wish and agreement of said partners on August 13, 1885. That at the dissolution of said partnership the capital invested by the said William Berroth in said part-

nership business, to wit, to the amount of $75, was not by said William Berroth withdrawn, but was, at the solicitation and request of the said Joseph B. McElvain, permitted to remain in the business until the ensuing autumn of said year 1885, and that the said defendant Joseph B. McElvain, at the said ensuing autumn of said year 1885, then and ever since refused and ever has refused to return the said amount of $75, so to said defendant intrusted as aforesaid. That said plaintiff has frequently since the said time (to wit, the autumn of 1885) demanded of said defendant said sum, and did demand the same at said time; and in consideration of the use of said capital in the said business by the said Joseph B. McElvain, he, the said Joseph B. McElvain, agreed to continue said business at the former stand of said partnership, to wit, at the city of Alma, county of Wabaunsee, Kansas, and to collect the outstanding credits of the said partnership in company with said Berroth upon a date by the said McElvain and Berroth to be agreed upon, which date was to be before said ensuing autumn. That in conformity with said agreement said parties, in September, 1885, collected on one day the sum of $ —, and applied said sum to the payment of the partnership debts. That a large amount of credits of said partnership at that time and thereafter remained uncollected. That at the date of the dissolution of the partnership the books and memoranda of the concern were left in charge of the said Joseph B. McElvain, he at the time agreeing, in consideration of the use of said Berroth's capital as aforesaid, to turn said books over to said Berroth and to hold them open to inspection by said Berroth upon said Berroth's demand. That said Berroth has frequently since said dissolution requested and demanded an opportunity to inspect said books, and further, has demanded the said books, which requests and demands the said Joseph B. McElvain has ever refused and denied. That plaintiff cannot proceed to ascertain the amounts of said credits or to collect the same without the privilege of inspecting said books. That plaintiff hath no adequate remedy at law.

"Wherefore, said plaintiff prays that an account be taken of the affairs and of the credits, assets, debts and liabilities of said partnership, and that a settlement of the claims of said partnership between themselves be decreed by this court. That the writ of subpena in this court issue, commanding the said Joseph B. McElvain to appear and answer before this court, and to produce then and there all the books and memoranda in his

possession or under his control of the business aforesaid. And plaintiff prays further all proper relief."

Upon this bill of particulars the justice of the peace rendered judgment in favor of the plaintiff and against the defendant for $75 and costs, and the defendant appealed to the district court. No other pleading was ever filed in either the justice's court or in the district court. On October 19, 1886, the defendant filed the following motion, (omitting title,) to wit:

"Comes now the defendant, and moves the court to dismiss this action on the ground that neither the justice before whom the case was commenced nor this court on appeal has jurisdiction of the subject-matter of this action."

The court below sustained this motion, and dismissed the plaintiff's action at his cost; and to reverse this ruling of the district court, the plaintiff, as plaintiff in error, brings the case to this court.

*Malcolm Nicolson,* for plaintiff in error.

*George G. Cornell,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: It is admitted in this case that both the justice of the peace and the district court had jurisdiction of the persons of both the plaintiff and the defendant, but it is claimed by the defendant that neither the justice of the peace nor the district court had jurisdiction of the subject-matter of the action. It is claimed by the defendant that this action is one in equity for an accounting between former partners and for a settlement of their partnership affairs, and that it is an action of which a justice of the peace cannot in any case take jurisdiction. And it is further claimed that as the case went to the district court on an appeal from a justice of the peace, and that as nothing was done by the defendant in either court to enlarge the jurisdiction of the justice of the peace, or to give to the district court any other or further jurisdiction than that possessed by the justice of the peace, the district court

did not and could not take any other than appellate juris-
diction, and did not and could not take jurisdiction of any
matter or thing except such as had previously been within the
actual jurisdiction of the justice of the peace; and as the justice
of the peace did not have and could not take jurisdiction of
the subject-matter of this action, the district court did not
have and could not take jurisdiction of the same.

We are inclined to think that the claim of the defendant is
correct.    The jurisdiction of justices of the peace with respect
to the subject-matter of civil actions is defined by § 2 of the
justices act; and while there are eleven subdivisions of that
section defining justices' jurisdiction with respect to various
matters, yet there is not one of such subdivisions that includes
an action like the present.    Justices of the peace get the prin-
cipal portion of their civil jurisdiction from the first subdivi-
sion, which gives to them jurisdiction of civil actions "for the
recovery of money only, and to try and determine the same,
where the amount claimed does not exceed $300." Now this
case is not an action for the recovery of "money *only;*" and
it can hardly be said that it is an action for the recovery of
*money* at all.    See the prayer of the plaintiff's bill of partic-
ulars.    Mr. Swan, in his treatise for Justices, clearly enunci-
ates the doctrine that justices of the peace have no jurisdiction
at all in matters which are cognizable only by courts of equitable
jurisdiction. (Swan's Treatise, ch. 2, § 6.)    And what Mr.
Swan says we think is substantially correct.    Of course jus-
tices of the peace may exercise all the jurisdiction given to them
by the statutes, and in doing so may often apply equitable
rules of jurisprudence.    But what we wish to say is that jus-
tices of the peace do not have general equitable jurisdiction,
or jurisdiction of cases of a purely equitable character.    In-
deed, there are many cases of mixed law and equity of which
they could not take jurisdiction.    They could not take juris-
diction of a case for the foreclosure of a mortgage, for they
could not make the proper order with regard to the mortgaged
property.    Neither can they take jurisdiction of a suit in
equity for an accounting between partners and for the settle-

ment of the partnership affairs; for they could not make the proper order nor render the proper judgment with respect to the property still belonging to the partnership or the debts still due to the partnership, or the debts still owing to the partnership. We do not think that the justice of the peace in the present case had any jurisdiction to hear and determine the case, and we do not think that the defendant did anything in the case to give to the district court any higher or further or greater jurisdiction than that previously possessed by the justice of the peace. This case comes nearer being controlled by the decision of this court made in the case of *Wagstaff v. Challiss,* 31 Kas. 212, than it does in the decision made in the case of *Shuster v. Finan,* 19 Kas. 114. The plaintiff also cites the cases of *Miller v. Bogart,* 19 Kas. 117; *Hodgin v. Barton,* 23 id. 740; *Gregg v. Garverick,* 33 id. 190; and a few others, but we do not think that any one of them supports his view.

In our opinion the decision of the court below was correct, and its judgment will be affirmed.

All the Justices concurring.