THE MISSOURI PACIFIC RAILWAY COMPANY v. WILL-
IAM H. LEA.

1. CASE, *Followed*. *Mo. Pac. Rly. Co. v. Merrill*, 40 Kas. 404, followed.

2. JUDGMENT—*Amendment in Supreme Court.* Where a trial court ren-
ders a judgment for a less amount than the verdict returned by the
jury, such judgment cannot be corrected in the supreme court to
conform to the verdict of the jury, in proceedings in error brought
by the party against whom the judgment is rendered, when no cross-
petition is filed by the party in whose favor the verdict is returned,
asking for a correction or modification of the judgment.

3. APPEAL *from a Justice—New Petition—Practice.* Where an action
is appealed from a justice of the peace to the district court, and the
plaintiff, with the consent of the defendant, files in the district court
a new petition, setting up a claim exceeding $300, and the defendant
voluntarily appears and files his answer thereto, the district court
has jurisdiction to hear and determine the action upon the pleadings
filed in that court, the same as if there had been no appeal.

*Error from Marshall District Court.*

THE opinion states the facts.    Judgment for plaintiff, *Lea*,
at the December term, 1888.    The defendant *Company* brings
the case to this court.

*John V. Coon,* and *Waggener, Martin & Orr,* for plaintiff
in error.

*W. H. H. Freeman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.:  William H. Lea filed his bill of particulars
against the Missouri Pacific Railway Company before a justice
of the peace of Marshall county, asking judgment for $300
for the burning of a hay stack and 10 tons of hay, all valued
at $360.    He recovered judgment against the railway com-
pany, and the case was taken to the district court by appeal.
In that court, Lea filed his petition claiming judgment for
$360, with interest, and a reasonable attorney's fee.    The rail-
way company filed an answer containing a general denial, and

alleging contributory negligence upon the part of Lea.   The jury returned a verdict for $207.98 for Lea, but the trial court deducted $21.98 of interest, which was included in the general verdict, and rendered judgment in favor of Lea for $186, and also for $60 attorney's fee.   It appears from the record that the evidence as to the amount of the attorney's fee was taken from the jury and passed upon by the court.   To this ruling the railway company excepted.   The exception ought to have been sustained.   " What is a reasonable attorney's fee is a question of fact which should be submitted and determined the same as any other fact arising in the case." (*Mo. Pac. Rly. Co v. Merrill,* 40 Kas. 404.)   The attorney for Lea expressly stated at the oral argument that if the attorney's fee of $60 and the interest of $21.98, deducted by the trial court from the general verdict of the jury, could not be allowed, he desired a new trial for his client.   The interest, amounting to $21.98, if recoverable by Lea, cannot be added to the judgment by this court, because Lea has filed no cross-petition to correct or modify the judgment of the trial court.   Upon the record and the statement of the attorney for Lea, a new trial must be awarded.

In view of a new hearing, it is necessary to dispose of another question presented.   The railway company claims that its motion to dismiss the action for want of jurisdiction, and its objection to the introduction of any evidence for the same reason, should have been sustained.   The following cases are cited: *Stanley v. Farmers' Bank,* 17 Kas. 592; *Wagstaff v. Challiss,* 31 id. 212; *Berroth v. McElvain,* 41 id. 269.   We think the motion and objection came too late.   The petition was filed in the district court with the written consent of the attorney of the railway company indorsed thereon.   After the petition was filed, the railway company made a voluntary appearance in the court, and filed an answer containing a general denial and also alleging contributory negligence.   The motion to dismiss was not made until several months after the answer was filed, and the objection to the evidence was not presented until the trial was commenced.   Again, after the amended

petition was filed, the railway company entered its appearance by filing a motion to make the petition more definite and certain. Under the statute, the district court had jurisdiction of the cause of action even if there had never been any bill of particulars filed before the justice. The voluntary and general appearance of the railway company in the district court gave it jurisdiction over the defendant. (*Hefferlin v. Stuckslager*, 6 Kas. 166; *Cohen v. Trowbridge*, 6 id. 393; *Carver v. Shelly*, 17 id. 474; *Haas v. Lees*, 18 id. 454; *Shuster v. Finan*, 19 id. 116; *Dickson v. Randal*, 19 id. 212.)

"Any voluntary appearance of a party to an action which recognizes the general jurisdiction of the court, or which is not made for the special purpose of contesting the jurisdiction of the court, or for any other special purpose, will be construed to be a general appearance in the case, and will be held to give the court general jurisdiction in the case of such party." (*Cohen v. Trowbridge*, 6 Kas. 385, 393; *McBride v. Hartwell*, 2 id. 411, 415; 1 U. S. Dig., 1st series, 101, 103, ¶ 580, *et seq.*)

If the railway company had not consented to the filing of the new petition in the district court and voluntarily filed its answer to the first petition and subsequently its motion to make the amended petition more definite and certain, then its motion to dismiss ought to have been sustained, under the authority of *Wagstaff v. Challiss*, 31 Kas. 212; *Berroth v. McElvain*, 41 id. 269.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.