## THE WESTERN UNION TELEGRAPH COMPANY V. HENRY MOYLE.

TELEGRAPH WIRES—*Damages*—*Action*. Where a person or corpora-' tion enters upon the premises and building of another, and, without his consent, fastens a telegraph wire to a part thereof, and such wire does no particular injury or damage to the property at the time, but thereafter, on account of additional wires being connected with the pole or wire so fastened to the building, such building is greatly injured and damaged, *held*, that a new injury or cause of action arises from the additional wires so placed, and the injurious results occurring from such new wrong or invasion of the owner's rights may be the basis of a recovery for damages.

*Error from Butler District Court.*

On the 25th day of June, 1888, *Henry Moyle* brought his action before a justice of the peace against the *Western Union Telegraph Company* and the St. Louis & San Francisco Railway Company, alleging therein that he was the owner of lot No. 27, in block No. 25, at Augusta, in this state; that the defendants, in the construction and operation of their telegraph lines, in 1882 fastened wires to the building on the lot described, without the consent of plaintiff, the owner thereof, and continuously used the property from that date up to and including the month of February, 1887, to the great injury of the property, and on account of the use thereof, that plaintiff had been damaged in the sum of $300. On July 16, 1888, the action was dismissed as to the St. Louis & San Francisco Railway Company, without prejudice. On the same day the action was tried against the telegraph company, and judgment rendered in favor of the plaintiff and against the company for $300 and costs. At the trial, the telegraph company failed to appear. On the 18th day of July, 1888, the company filed its appeal bond, and the case was taken to the district court of Butler county. On the 28th day of May, 1889, Henry Moyle filed in the district court his amended bill of particulars

or petition, alleging, among other things, that the telegraph company, in the construction and operation of its line, in 1882 fastened a wire to the roof of the building owned by plaintiff, on lot 27, in block 25, in Augusta, without his consent; that the wire was a stay or guy extending from the building to a telegraph pole to which the wires running to and from the main line of the defendant's company were attached; that at the time the wire was attached to the building, only slight damage was caused, but that in the month of September, 1886, the telegraph company ran two more wires into its office from the main line, and attached them to the pole to which the guy wire was attached, and that this put additional strain upon the wire attached to plaintiff's building, whereby the building was greatly damaged and injured; that in the month of November, 1887, plaintiff repaired his building to make it tenantable, but the repairs were broken and destroyed and the building rendered uninhabitable by the continual strain of the wire attached thereto; that the telegraph company continuously used the building with its wires up to and including the month of February, 1887. The plaintiff demanded damages in the sum of $300.

The jury returned a verdict in favor of the plaintiff, Moyle, and against the defendant, the telegraph company, for $162. Judgment was entered accordingly. The telegraph company excepted, and brings the case here.

*Eaton, Pollock & Love,* for plaintiff in error:

The district court had no jurisdiction in the case. The action is treated as one in trespass, and that is the theory upon which this case was tried, and, under ¶ 4852, Gen. Stat. of 1889, the justice of the peace had no jurisdiction of the subject-matter of the action, and hence the district court was without jurisdiction upon the appeal. *Wagstaff v. Challiss,* 31 Kas. 212. See, also, *Thompson v. Morton,* 2 Ohio St. 27; *Cerro Gordo Co. v. Wright Co.,* 59 Iowa, 485; *Musselman's Appeal,* 101 Pa. St. 169; *Mora v. Kuzac,* 21 La. 754.

The action was barred by the statute of limitations. This cause is clearly within the principles decided in *K. P. Rly. Co. v. Mihlman*, 17 Kas. 224.

*N. A. Yeager*, for defendant in error:

The question of jurisdiction is for the first time raised by counsel for plaintiff in error in their brief in the supreme court. This contention is certainly not well taken. *Kaub v. Mitchell*, 12 Kas. 57; *Loring v. Rockwood*, 13 id. 178.

This action was not barred, and comes clearly within the rule laid down in *Mo. Pac. Rly. Co. v. Houseman*, 41 Kas. 300.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that the district court had no jurisdiction in this case. It is said that in the original bill of particulars, and in the amended bill of particulars, Henry Moyle attempted to make it appear that his action was based upon the use of his property, and that he sought to recover $300 for the use only; but that upon the trial he relied upon proof establishing an action in trespass. Under the authority of *Wagstaff v. Challiss*, 31 Kas. 212, it is urged that, as justices of the peace have jurisdiction in actions for trespass on real estate only where the damages do not exceed $100, the district court was without jurisdiction upon the appeal. (Justices' Act, § 6.) It appears from the record that the question of jurisdiction is raised for the first time in this court. No attempt was made to question the jurisdiction of the trial court. Whatever construction may be given to the original bill of particulars, it clearly appears from the allegations of the amended bill of particulars or petition filed in the court below that Moyle sought to recover in that court for injuries to his real property, and alleged therein wrongful acts of the telegraph company. Perhaps a motion to have made the petition more definite and certain ought to have been sustained, if one had been presented. This was not done. The demurrer filed

to the amended bill of particulars or petition alleged that it did not state facts sufficient to constitute a cause of action, and further, that the cause of action was barred by the statute of limitations. The question now presented about jurisdiction was not called to the attention of the trial court in any way. The court had jurisdiction of the subject-matter, even if there had been no prior proceedings pending before the justice of the peace, and if no appeal had been taken. The telegraph company made a general appearance. The court therefore had jurisdiction over the subject-matter and the parties. (*Mo. Pac. Rly. Co. v. Lea*, 47 Kas. 268, and cases cited.) This is not a case where the trial court has no jurisdiction over the subject-matter. In such a case an objection may be taken at any time, and is never waived.

It is next contended that the action was barred by the statute of limitations. It appears that, in the year 1882, the telegraph company attached a guy wire to the roof of the building belonging to Moyle, extending to a pole to which the telegraph wire was attached running into the telegraph office; that afterwards, in August, 1886, the company ran additional wires into its office and attached them to the pole to which the guy wire was attached, multiplying the force on the guy wire and strain on the building many times. In November, 1886, Moyle repaired the building, put in a new front to replace the one broken out by the effect of the wire, braced the building by a partition, etc., and used efforts to prevent the further injury to his premises; and it was not until January, 1887, that he discovered the wire was operating to destroy his building, at which time it became untenantable. All the damages proved or allowed were the result of the acts of the company in 1886 and 1887.

This case comes clearly within the rule laid down in *Mo. Pac. Rly. Co. v. Houseman*, 41 Kas. 300. Although the telegraph company went upon the premises of Moyle and attached a wire thereto in 1882, and although this action was not commenced until the 23d of January, 1888, yet, as the damages

complained of and found by the jury resulted from the wrongful acts of the company in 1886 and 1887 — within less than two years before the commencement of this action — the two-year statute of limitations for trespass upon real property was not a bar. No damages were recovered for anything occurring two years prior to the commencement of the action. There is sufficient evidence tending to show that Moyle was damaged by the acts of the company in 1886 to the full amount of the verdict of the jury and the judgment rendered thereon.

In *K. P. Rly. Co. v. Mihlman*, 17 Kas. 224, the trespass complained of was completed when the company had dug the ditches therein referred to; but, unlike this case, no new act was committed by the company after it had acted in the first instance. The damages in that action were sustained by reason of the original wrong. In this case, the cause of action is based upon the acts of the company in 1886 and 1887, and not upon the prior act of the company in 1882. Up to 1886, Moyle makes no complaint. His injuries and damages occurred upon the wrongful acts committed after that time. He had the right, if he so desired, to consent to the original act of 1882, or to waive any injury occurring from that act; but he also had the right to recover for the wrongful acts committed in 1886 and 1887, to his injury.

We have examined the other questions presented, but do not think any material error was committed sufficient to cause a reversal.

The judgment of the district court will be affirmed.

All the Justices concurring.