Thompson v. Stone.

---

No. 12,165.

*B. F. THOMPSON, *Appellant*, v. EDGAR STONE et al., *Appellees*.

HEADNOTE BY THE REPORTER.

1. JURISDICTION—*Justice of Peace—Amount Involved—Appeal.* Where in an action before a justice of the peace the defendant sets up a counterclaim and set-off exceeding $300, and does not withhold setting off any portion of the same, the justice has no jurisdiction to hear and determine such counterclaim and set-off or any portion thereof.

2. SAME. Where an action is appealed from a justice of the peace to the district court, the district court has only such jurisdiction in the case as the justice of the peace had.

Appeal from Kingman district court; G. W. McKAY, judge. Opinion filed May 11, 1901. Reversed.

---

*NOTE.—This case was not reported in full when the opinion was filed (see 63 Kan. 881), and is reported here because it is cited in the case of *Shipping Association v. Railway Co.*, ante, p. 235.

*George L. Hay,* of Kingman, for the appellant.

*John E. Lydecker,* of Kingman, for the appellees.

*Per Curiam:* The plaintiff in error commenced this action before a justice of the peace in Kingman county, Kansas, to recover a judgment against the defendants in error on a promissory note. Upon the trial the court rendered judgment in favor of plaintiff in error for $166 and interest. The defendants in error appealed. At the convening of the district court the defendant in error, Stone, asked leave to file an answer and cross-petition, which was granted. The answer and cross-petition thus filed set up a demand against the plaintiff in error in the sum of $553, for which he prayed judgment. The plaintiff in error objected to the jurisdiction of the court to try the issues thus raised, which objection was overruled. He then filed a demurrer to the answer and cross-petition on the ground that the court had no jurisdiction of the amount in the answer and cross-petition, which demurrer was overruled by the court and the plaintiff in error excepted. The defendant in error did not offer to withhold any portion of his demand. A trial was had and judgment rendered for defendant in error on his cross-petition. The plaintiff in error brings the case here, alleging that the district court had no jurisdiction of the amount involved in the cross-petition or to try the issues involved therein. We think this contention must be sustained. The district court had only such appellate jurisdiction as that possessed by the justice of the peace. The jurisdiction of a justice of the peace in a civil action is $300; when an action is appealed from a justice of the peace court to the district court, the district court has only such jurisdiction as the justice of the peace had.

We have already held that where the defendant sets up a claim and set-off, exceeding the jurisdiction of the justice of the peace court, and does not withhold any portion of the same, the district court has no jurisdiction to hear or determine such set-off or any portion thereof. (See *Wagstaff v. Challis,* 31 Kan. 212, 1 Pac. 631.)

The district court erred in entertaining jurisdiction of the cross-petition and in rendering judgment thereon for the defendant in error.

The judgment of the court below will be reversed.