Neal v. Kent.

---

No. 21,177.

NOAH NEAL, *Appellee*, v. A. E. KENT, *Appellant*.

SYLLABUS BY THE COURT.

CITY COURT—*Illegally Established—Judgment—Jurisdiction of District Court on Appeal.* The case was taken by appeal from the city court to the district court, where both parties without objection filed amended pleadings and the case was tried, resulting in a judgment for the plaintiff. Subsequently the act creating the city court was declared unconstitutional and void. (*State, ex rel., v. Deming*, 98 Kan. 420, 158 Pac. 34.) *Held*, that the district court having jurisdiction of the subject matter and of the parties, it was too late for defendant to question its jurisdiction either to entertain the appeal or to permit amendments to the pleadings.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 12, 1918. Affirmed.

*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellant.

*W. A. Huxman*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was commenced in the city court of the city of Hutchinson, and a trial resulted in a judgment for the defendant. The plaintiff appealed to the district court, and on January 19, 1916, recovered judgment. On June 21, 1916, the defendant filed a motion to vacate the judgment, claiming that the court had no jurisdiction to entertain the appeal because of the decision in *State, ex rel., v. Deming,* 98 Kan. 420, 158 Pac. 34, in which the act establishing the city court of Hutchinson was declared unconstitutional and void. The motion was overruled, and the appeal is from that ruling.

In the original bill of particulars the plaintiff alleged that he purchased of defendant two mares, giving in consideration therefor his promissory note for $450; that the note had been transferred to an innocent purchaser; that defendant guaranteed the mares to be sound and suitable for farm work; that one of them was worthless; and that he had offered to return the mares, and demanded return of the purchase price. He sued to recover $450. After the cause reached the district court he filed a motion for permission to amend the bill of particulars, alleging that, as only one of the mares was not as guaranteed, he preferred upon due consideration to retain the sound one and recover damages for the defective one, and that the amendment would in no wise prejudice the defendant, because the evidence would be the same in either case. No objection was made by defendant, and the court allowed the amendment. The defendant then answered the amended petition, and the case proceeded to judgment.

The defendant now contends that the district court had no jurisdiction because the court where the case was commenced was not legally established, and therefore the whole proceedings must fail. There is also a contention that the district court lacked jurisdiction to permit plaintiff to amend his bill 'of particulars and change the nature of his cause of action. Neither contention is sound. The defendant made no objection to the amendment, but on the contrary waived any objection he might have had thereto by filing an answer and submitting the controversy to the court. For the same reason it is too late for him to object to the jurisdiction. The district

Neal v. Kent.

court had jurisdiction of the subject matter, and since both parties came into court and litigated the matter without objection, the court had jurisdiction of the parties. Both are estopped from afterwards claiming that the court was without jurisdiction.

In *Miller v. Bogart,* 19 Kan. 117, the action was brought before a justice for the recovery of property valued at $15. There was a judgment for the defendant, and the plaintiff appealed to the district court, where the plaintiff recovered a judgment. At a later term of the court the defendant moved to set aside the judgment and dismiss the appeal because the statute only authorized appeals in such cases where the amount involved was at least $20. It was claimed that the district court could take no jurisdiction by the appeal. The district court sustained the contention and set aside the judgment. On appeal it was held that the district court, being one of general original jurisdiction in an action of replevin, and the parties having voluntarily appeared and tried the question, the defendant could not be permitted to plead want of jurisdiction.

In *Mo. Pac. Rly. Co. v. Lea,* 47 Kan. 268, 27 Pac. 987, the action was commenced in a justice court, where plaintiff recovered judgment in the sum of $300, for hay that had been destroyed. The defendant appealed, and the plaintiff filed in the district court an amended bill of particulars claiming that the value of the hay was $360. Without any objection to the amendment defendant answered, but subsequently filed a motion to dismiss the appeal for want of jurisdiction. The motion was overruled, and on the trial the plaintiff was given judgment. The defendant appealed, and it was held that the motion to dismiss came too late. To the same effect is *Telegraph Co. v. Moyle,* 51 Kan. 203, 32 Pac. 895. Numerous other cases might be cited, but these are sufficient to show that defendant's contentions are without merit.

The judgment is affirmed.