No. 22,127.

LELIA Z. RAPIER, *Appellant,* v. THE STOCKGROWERS STATE
BANK et al., *Appellees.*

#### SYLLABUS BY THE COURT.

ACTION—*Recovery of Proceeds of Mortgage—No Substantial Error Ap-
pears in the Record.* Assignments of error relating to rulings on
evidence, instructions to the jury, sufficiency of the evidence to sus-
tain the verdict, accident and surprise, and newly discovered evi-
dence, considered, and held to be insufficient to warrant a reversal.

Appeal from Wabaunsee district court; ROBERT C. HEIZER,
judge. Opinion filed December 6, 1919. Affirmed.

*W. I. Jamison,* and *Wesley H. Jamison,* both of Topeka, for
the appellant.

*C. E. Carroll,* of Alma, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a portion of the
proceeds of a real-estate mortgage loan made by the bank to
the plaintiff. The plaintiff was defeated, and appeals.

The mortgage was for $3,000. It was admitted that the
bank was to take up, and did take up, a former mortgage for
$2,000 and accrued interest, but the plaintiff contended the
remainder of the proceeds of the new mortgage was to be paid
to her. The defense was that the entire sum was disbursed, by
authority of the plaintiff, for the liquidation of agreed items.

One of the disputed items was a note for $700, purporting
to be signed by the plaintiff and by her son, R. B. Marshall.
The plaintiff denied that she signed the note, and denied that
it was to be paid out of the proceeds of the loan. There was
sufficient evidence to show that the plaintiff did sign the note,
and to sustain the bank's contention respecting its satisfaction.

Another disputed item was the balance due for erecting a
silo on the premises mortgaged. At the time the mortgage was
given it was not known how much was still due for the silo, and
the sum of $192.50 was given the plaintiff's son with which to
meet the obligation. It appears that only the sum of $163 was
required to pay the silo debt. The plaintiff denied that the
silo was to be paid for out of the proceeds of the loan; but,

Rapier v. Bank.

whatever the fact in that regard, she strenuously insists she is entitled to judgment for the amount above what was actually paid. The testimony of the plaintiff's son concerning the arrangement was to the effect that the bank was to pay over to him the fund of $192.50, and he was to pay for the silo.

Testimony which cannot be harmonized by any process of reconciliation was given respecting every fact directly or collaterally in issue. In arguing her case the plaintiff relies on the testimony favorable to herself. The jury evidently relied on that favorable to the bank. Leaving out of consideration, as this court must do, the testimony which the jury disregarded, there was substantial evidence warranting every inference necessary to sustain the verdict, and that closes the controversy over the facts.

Certain evidence which was rejected was not produced at the hearing on the motion for a new trial. Certain other evidence which was rejected was properly rejected, in one instance because it embraced the conclusion of a witness respecting an ultimate fact which the jury was required to find, and in another instance because it was immaterial.

An instruction, numbered six, given by the court, is complained of as indefinite. The issues were very simple, and the instruction is perfectly plain when read with instruction number one. The statute of frauds was not involved in the case.

It is said the court erred in failing to instruct the jury on the subject of execution of the note which was deducted from the proceeds of the loan. No instruction relating to that subject was requested by the plaintiff, and it must be assumed she preferred to allow the case to go to the jury without one.

The plaintiff says she was taken by surprise by the testimony offered by the bank. The testimony responded to specific allegations of the answer, which the plaintiff was bound to anticipate would be supported by testimony.

At the hearing of the motion for a new trial the plaintiff produced affidavits of herself and one Flintham, relating to what is characterized as newly discovered evidence. The plaintiff's own testimony at the trial disclosed that Flintham was present at the very time and place referred to in the affidavits, and a minimum degree of diligence required that the plaintiff call him as a witness.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.