No. 29,486.

KENNETH J. CECIL, *Appellee,* v. EDWARD A. OPPERMANN and EVELYN OPPERMANN, as the FRANKLIN PRINTERY, etc., *Appellants.*

(293 Pac. 486.)

Opinion filed December 6, 1930.

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair* and *W. A. Kahrs,* all of Wichita, for the appellants.

No appearance was made for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question presented by this appeal is whether a proceeding in the city court of Wichita was an action at law for the recovery of money only, and consequently within jurisdiction of the court, or was a suit in equity for an accounting, and consequently not within jurisdiction of the court.

Defendants Oppermann conducted a print shop known as the Franklin Printery. They employed plaintiff, Cecil, as a salesman, who was to receive a commission on printing jobs. Plaintiff sued for a balance due him in the sum of $706.16. The answer was that plaintiff had received advancements of money beyond the amount he had earned, and judgment against him was prayed for in the sum of $563.26. When the case came on for trial in the city court, defendants claimed the court was without jurisdiction to

proceed. The court so held, and the action was dismissed. Plaintiff appealed to the district court. Motion to dismiss the appeal for lack of jurisdiction was renewed, and was denied; the case was tried by the court, and judgment was rendered in favor of plaintiff for $116.44. Defendants appeal, and the contention here is that the district court, which, on appeal from the city court, had the same limited power as the city court, could not try an equity case for an accounting.

The agreement between plaintiff and defendants was that plaintiff should receive 10 per cent on old or established business and on sales over the counter, and should receive 20 per cent on new business, which would be considered new business for thirty days after the business was booked. Plaintiff was not to receive commission on uncollectible accounts, or on business classified as personal. These and other details were embraced in an unsigned memorandum which the court adopted as expressing the agreement of the parties. At the trial the testimony reviewed the business done during the time plaintiff was employed. Defendants presented 1,052 items. They also testified to fifty-five items of cash payments to plaintiff, and to certain items charged to plaintiff by his direction. The pleadings disclosed that the court, or a jury if one were demanded, would be obliged to consider, classify, and allow or disallow a great number of items in order to find a balance due, and defendants' contention is summarized in their brief as follows:

"Here the suit is one involving a fiduciary relationship of either principal and agent or of joint adventure. It is necessary here to determine the contract of the parties, to interpret the same, and to apply it to each item of the account, in order to fix the amount of commission due. In addition to this it is necessary in this case to interpret the contract as to what were personal accounts, and therefore except them from the terms of the contract; and determine what were old accounts and what were new. Further, it is necessary to compute the advances, fix the amount and value of the work done by the Franklin Printery, which items were charged to the plaintiff, but which the plaintiff denied were chargeable to him. The truth is that there was not one lawsuit here, but one thousand. Under the circumstances it follows that this was a case of exclusive, equitable jurisdiction."

The question is not whether equity might properly assume jurisdiction in a case of this character, nor is it merely one of procedural economy in disposing of a controversy involving numerous details. The question is whether a court of law had power to undertake investigation of the subject of controversy.

The relation of the parties was created by contract. It is an everyday function of courts of law to ascertain whether a contract has been made, and if so, to find what its terms were; and interpretation of contracts is by no means an exclusive function of courts of equity.

The relation between the parties is best described as that of principal and agent, and the relation had terminated when the action was commenced. Generally speaking, the relation of principal and agent is fiduciary, but the mere fact that the relation exists does not compel the agent to sue in equity for a balance which he claims is due him, or compel the principal to sue in equity for a balance which he claims is due him. The relations of partners is fiduciary, but one partner may maintain an ordinary action at law against another, after dissolution of the partnership, for wrongful deprivations and conversions. (*Frith v. Thomson*, 103 Kan. 395, 173 Pac. 915.) In order that the equitable remedy shall be exclusive the transactions to be investigated must have occurred in discharge of what has the characteristic features of a trusteeship, and the nature of the case must be such that a court of law lacks power to deal with it adequately. Illustrations may be found in 2 C. J. 889. No relation of that kind existed between plaintiff and defendants.

Formerly need for discovery was a potent factor in determining whether resort to equity was necessary in cases of accounts. This subject is no longer of importance in this state, because the full equivalent of discovery may be had in actions at law, and in this instance the relief sought involved no order or decree within the peculiar competence of a court of equity to make. Each party prayed for a simple money judgment.

To ascertain the total amount of commissions earned by the agent and the total amount with which the principal should be credited, it was necessary to consider a great number of items. The items were not in themselves, however, mazy or perplexing. They yielded to classifications which the parties made and understood, and which were easily comprehensible, and the controversy was readily solvable by dealing with it as the bundle of sticks was dealt with in the story.

While the case was peculiarly one for a referee, that does not mean it could not be tried in a law court, and juries are frequently required to compute balances when the sums are not only very

numerous but are very large. In such cases the memory of jurors may be aided by schedule and summaries of items, contested and uncontested, submitted by counsel with approval of the court.

In 21 C. J. 70 appears the following:

"The deficiencies of the law which give rise to jurisdiction in equity may be classified as follows: (1) The failure of the law to recognize a substantive right; (2) the inadequacy of the relief afforded at law to protect a right; (3) the inadequacy of the procedure at law to establish a right." (§ 44.)

None of these deficiencies existed in the present instance.

Plaintiff alleged that Oppermann and Mrs. Oppermann were partners, and judgment was rendered against Mrs. Oppermann as well as against her husband. Plaintiff gave testimony which was sufficient to support the court's finding of partnership.

The judgment of the district court is affirmed.