No. 29,675.

B. F. Spaulding, *Appellee*, v. O. C. Colvin, *Appellant*.

(2 P. [2d] 82.)

Opinion filed July 3, 1931.

*Ray H. Tinder*, of Wichita, for the appellant; *W. A. Ayres, A. M. Cowan, C. A. McCorkle* and *J. D. Fair*, all of Wichita, of counsel.

*Z. Wetmore, George M. Ashford, James A. Conley* and *George Gardner*, all of Wichita, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This is. an action to recover on a written contract. Plaintiff prevailed, and defendant appeals.

The action was originally filed in the city court of Wichita, and it is alleged in the bill of particulars that on June 3, 1925, the parties entered into a written contract, which recited that they were accountants residing in Wichita; that the defendant was negotiating with the banking department to .obtain the work of auditing failed banks under receivership, and the parties mutually agreed that they would each devote their entire time in the performance of the contract in a proper and workmanlike manner; that out of the compensation received from the department the expense incidental to the performance of the work would be paid and the net profit equally divided between them.

It was further alleged that the banking department had paid the defendant $3,300, and that expenses had been paid in the amount of $1,800, leaving a profit of $1,500, of which amount plaintiff was entitled to $750, less $250, which had been previously paid to him, and asked judgment for $596.25. An exhibit was attached to the bill of particulars purporting to set out the amount of expense incurred, which consisted of eight items.

The defendant answered, admitting the execution of the contract, and alleged that on August 15, 1925, he entered into an agreement with the banking department to audit five failed banks for the total consideration of $3,500; that the plaintiff, at the time of the execution of the contract, represented that he was a certified public accountant, capable of auditing banks; that such representations were false and untrue and that defendant relying thereon entered into the contract; that the defendant failed to complete any of the work assigned to him under the contract and that the statement of account was incorrect.

It was alleged in an amended answer that it was orally agreed between the parties that each one was to receive $25 a day for each day he devoted to auditing the banks, and that the plaintiff had failed to perform his part of the contract, and expenses were incurred in excess of the amount received from the banking department.

The case was tried in the city court of Wichita, judgment rendered, an appeal taken to the district court and there tried *de novo*.

The evidence tended to show that, after entering into the contract set out in the pleadings, the plaintiff assisted in auditing at least two banks and performed other work at their office in Wichita; that the defendant admitted the receipt of $3,500 from the banking department and that the total expense incurred, including the $250 paid plaintiffs, was $1,411.73. At the close of plaintiff's testimony, with the permission of the court, he amended his bill of particulars by inserting $3,500 as the amount received by the defendant and $1,173.11 as the amount expended.

The evidence on the part of the defendant tended to show that the parties entered into an oral agreement by the terms of which each party was to receive $25 a day for each day he devoted to the work; that the plaintiff worked twenty-eight days and the defendant seventy-seven days; that the plaintiff had received $315; that the total expense of the undertaking was $2,231.26, and the amount

received $3,500; that the plaintiff represented at the time of the execution of the contract that he was a first-class senior accountant; that he did not properly perform his work and it was necessary to recheck it against the original records. On this evidence the jury returned a verdict for the plaintiff in the sum of $647.27, and the court rendered judgment accordingly.

It is first contended, on the part of the appellant, that the court did not have jurisdiction to try the cause for the reason that it was an action in accounting between partners, and the city court of Wichita had no equitable jurisdiction. It is conceded that the city court of Wichita has no equitable jurisdiction (*Milling Co. v. Stevens,* 94 Kan. 745, 147 Pac. 815), and that the district court in the trial of the cause has only the jurisdiction of the city court. (*Thompson v. Stone,* 97 Kan. 237, 64 Pac. 969.)

The appellant insists that the rule announced by this court in *Berroth v. McElvain,* 41 Kan. 269, 20 Pac. 850, is controlling in this case. This case, however, is not in the nature of an equitable accounting between partners, but is an action involving a single adventure in which there was no complexity of accounts, and the ordinary legal remedies were fully adequate to determine the matters in controversy. (*Frith v. Thomson,* 103 Kan. 395, 173 Pac. 915; *Cecil v. Oppermann,* 131 Kan. 722, 293 Pac. 486.)

The contention is made that the court failed to instruct the jury on the issues presented by the pleadings. The court submitted to the jury the question of the amount of expenses incurred and whether there was an oral agreement modifying the written contract as contended by the appellant. It did not instruct on the alleged representation as to the competency of the appellee and the claim that he did not complete his part of the work. The appellant requested the court to instruct the jury on the oral agreement and its effect in determining the amounts, if any, due appellee, and on this question the court fully instructed the jury. The appellant made no other request and was apparently content to submit his case to the jury on this issue. He cannot assign as error in this court the failure of the trial court to instruct the jury on all issues after it has adopted his theory of the case and given the instruction requested by him. (*Rapier v. Bank,* 105 Kan. 606, 185 Pac. 888.)

The appellant makes the further contention that the court erred in the admission and rejection of testimony. We have carefully examined the record and we find no error in the rulings of the trial

court, and furthermore the rejected evidence was not produced on the hearing of the motion for new trial. There was substantial evidence to support the verdict and we find no reversible error.

The judgment is affirmed.